**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MIGUEL HERNANDEZ, | No. 08-74982 |
| Petitioner, | Agency No. A091-737-195 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Miguel Hernandez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") removal order and denying his motion to remand. Our

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam), and the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005), and we review de novo questions of law, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Hernandez's challenges to the IJ's finding of removability and to the IJ's pretermission of his application for 212(c) relief because he failed to exhaust these claims before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The agency did not abuse its discretion in denying a continuance where Hernandez did not demonstrate good cause. *See* 8 C.F.R. § 1003.29 (IJ may grant motion for a continuance for good cause shown); *Baires v. INS*, 856 F.2d 89, 92-93 (9th Cir. 1988).

The BIA did not abuse its discretion in denying Hernandez's motion to remand because the expungement of Hernandez's convictions pursuant to Cal. Penal Code § 1203.4 did not eliminate the immigration consequences of the convictions. *See Ramirez-Castro v. INS*, 287 F.3d 1172, 1174-75 (9th Cir. 2002).

Hernandez's remaining contentions are unavailing.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**