**Jose Roberto RAMIREZ–CASTRO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–71589.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2002.

Filed April 24, 2002.

Simon Salinas, Tustin, CA, for the petitioner.

Nancy E. Friedman and Paul D. Kovac, United States Department of Justice, Washington, DC, for the respondent.

Before FERGUSON, TASHIMA, and GRABER, Circuit Judges.

Opinion by Judge GRABER;
Concurring Opinion by Judge
FERGUSON.

## OPINION

GRABER, Circuit Judge.

Petitioner Jose Roberto Ramirez–Castro seeks review of a decision of the Board of Immigration Appeals (BIA), which denied his motion to reopen and found him deportable pursuant to 8 U.S.C. § 1227(a)(2)(C)[1] by reason of his state-court misdemeanor conviction for carrying a concealed weapon. Petitioner raises a single issue in this appeal: whether an order of a California state court, expunging his conviction after successful completion of probation, eliminates the immigration consequences of that conviction. We conclude that the answer to that question is "no." Accordingly, we lack jurisdiction and dismiss the petition for review.

## BACKGROUND

Petitioner, a citizen of Honduras, entered the United States in 1978. In 1989, pursuant to 8 U.S.C. § 1255a(b)(1), he became a lawful permanent resident of the United States.

Nearly two years later, Petitioner was convicted in the Municipal Court of the State of California, City of Los Angeles, of carrying a concealed weapon, in violation

of California Penal Code section 12025(b) (1991). That violation is a misdemeanor. Petitioner was sentenced to 65 days in prison.

The Immigration and Naturalization Service issued an order to show cause, charging Petitioner with deportability under 8 U.S.C. § 1251(a)(2)(C) because of his firearms conviction. At the hearing on the show-cause order, Petitioner admitted the allegations in the order to show cause and conceded deportability. Based on Petitioner's admissions, the immigration judge found Petitioner to be deportable and ordered him deported. Petitioner then appealed to the BIA.

On March 5, 1993, the California Municipal Court for the City of Los Angeles expunged Petitioner's conviction pursuant to California Penal Code section 1203.4. As a result, Petitioner filed a motion to reopen with the BIA, seeking to terminate the deportation proceedings. The BIA denied the motion to reopen, reasoning that Petitioner's conviction remained a conviction for purposes of the Immigration and Nationality Act (INA). Petitioner appealed to this court which, on the government's motion, remanded the case to the BIA for reconsideration. *Ramirez–Castro v. INS,* 59 F.3d 176 (9th Cir.1995) (unpublished order).

On reconsideration, the BIA again held that the definition of "conviction" in 8 U.S.C. § 1101(a)(48)(A) encompasses convictions that have been expunged under state law. Consequently, it concluded that Petitioner remained deportable under 8 U.S.C. § 1251(a)(2)(C) and denied Petitioner's motion to reopen his case. This timely petition for review followed.

---

1. At the time these proceedings commenced, the provision appeared at 8 U.S.C. § 1251(a)(2)(C). Later, it was renumbered at § 1227(a)(2)(C).

## STANDARD OF REVIEW

■ We review de novo the BIA's interpretation of the INA. *Murillo–Espinoza v. INS*, 261 F.3d 771, 773 (9th Cir.2001).

## JURISDICTION

■ Because this deportation proceeding was initiated before April 1, 1997, and the BIA's orders were issued after October 30, 1996, this case is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), § 309(c). *Magana–Pizano v. INS*, 200 F.3d 603, 607 (9th Cir.1999). IIRIRA § 309(c)(4)(G) provides that "there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in section . . . 241(a)(2)[ (C) ][2] . . . of the Immigration and Nationality Act." Consequently, we lack jurisdiction to review Petitioner's appeal, except to the extent that it presents the question whether Petitioner is an alien "deportable by reason" of having committed an offense under INA § 241(a)(2)(C). *Magana–Pizano*, 200 F.3d at 607; *see also Lujan–Armendariz v. INS*, 222 F.3d 728, 734 (9th Cir.2000) (stating that the court retains jurisdiction to determine whether a jurisdictional bar applies in a particular case).

Here, Petitioner argues that, because of the expungement, his firearms offense does not qualify as a conviction for purposes of INA § 241(a)(2)(C) and that, consequently, he is not deportable by reason of having committed a specified offense.[3] We therefore have jurisdiction to consider that argument. *Lujan–Armendariz*, 222 F.3d at 734 (reviewing whether a petitioner's expunged conviction qualified as a conviction under the INA).

## DISCUSSION

■ In *Murillo–Espinoza*, we held that, as a general rule, an expunged conviction qualifies as a conviction under the INA.[4] 261 F.3d at 774. We considered the amended statutory definition of "conviction" in 8 U.S.C. § 1101(a)(48)(A) and deferred to the BIA's interpretation of it: For immigration purposes, a person continues to stand convicted of an offense notwithstanding a later expungement under a state's rehabilitative law. *Id.*

However, in *Lujan–Armendariz*, we recognized an exception to that general rule in cases involving first-time simple possession of narcotics. 222 F.3d at 749–50. We concluded that if a petitioner could have satisfied the requirements of the Federal First Offender Act,[5] then the expungement of the petitioner's conviction under state law eliminates the immigration consequences of the offense. *Id.*

Thus, in order to prevail on his argument that the expungement of his conviction nullified it for purposes of the INA, Petitioner must demonstrate that his case falls within the exception created by *Lujan–Armendariz*, or show that some other, yet unrecognized, exception applies.

---

**2.** Codified at 8 U.S.C. § 1227(a)(2)(C), formerly 8 U.S.C. § 1251(a)(2)(C).

**3.** On review, Petitioner does not contest that, in the absence of expungement, his firearms conviction qualifies as a deportable offense under INA § 241(a)(2)(C), codified at 8 U.S.C. § 1227(a)(2)(C), even though it is a misdemeanor rather than a felony.

**4.** Although in *Murillo–Espinoza* we considered the definition of "conviction" in the context of removal proceedings, 261 F.3d at 772, that definition applies equally in deportation proceedings, *see Lujan–Armendariz*, 222 F.3d at 732–34, 749 (examining the amended statutory definition of "conviction" in the context of deportation proceedings).

**5.** 18 U.S.C. § 3607.

Petitioner argues that he meets that burden for two reasons: (1) *Murillo–Espinoza* involved an expunged *felony* conviction and, therefore, does not apply to Petitioner's expunged *misdemeanor* conviction; and (2) *Murillo–Espinoza* involved an Arizona expungement statute that differs materially from California Penal Code section 1203.4, limiting its application to cases involving the Arizona statute.

■ Neither argument convinces us. First, the text of 8 U.S.C. § 1101(a)(48)(A) does not differentiate between misdemeanors and felonies. Thus, it is reasonable for the BIA to interpret the statutory definition of "conviction" to encompass both expunged misdemeanor convictions and expunged felony convictions.

Second, Petitioner's firearms conviction is not within the scope of the Federal First Offender Act, and Petitioner has identified no other source of law that would require the BIA, in general, to treat expunged misdemeanor convictions differently from expunged felony convictions. Nor can we find such a source. Consequently, the fact that Petitioner's underlying offense was a misdemeanor does not exempt his case from the holding of *Murillo–Espinoza.*

As to Petitioner's second argument, the difference between the Arizona expungement statute involved in *Murillo–Espinoza* and California Penal Code section 1203.4 provides no basis for us to distinguish that case, for two reasons. First, our analysis in *Murillo–Espinoza* in no way hinged on the individual characteristics of the Arizona statute. 261 F.3d at 773–74. Second, assuming that some state expungement statutes could eliminate completely the immigration consequences of a state

conviction,[6] California Penal Code section 1203.4 is not such a statute. That is so because it does not eliminate all consequences of a conviction even under California law.

California Penal Code section 1203.4(a) states that, upon expungement, a defendant "shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, *except as provided in Section 13555 of the Vehicle Code.*" (Emphasis added.) California Vehicle Code section 13555, in turn, provides:

> A termination of probation and dismissal of charges pursuant to Section 1203.4 ... of the Penal Code does not affect any revocation or suspension of the privilege of the person convicted to drive a motor vehicle under this chapter. Such person's prior conviction shall be considered a conviction for the purpose of revoking or suspending or otherwise limiting such privilege on the ground of two or more convictions.

In view of the fact that California Penal Code section 1203.4(a) provides only a limited expungement even under state law, it is reasonable for the BIA to conclude that a conviction expunged under that provision remains a conviction for purposes of federal law.

In summary, Petitioner has failed to demonstrate that this case falls within an exception to the general rule that convictions expunged under state law retain their immigration consequences. *Murillo–Espinoza* controls this case: For immigration purposes, Petitioner stands convicted

---

**6.** *But see Murillo–Espinoza,* 261 F.3d at 774 (stating that, according to the BIA, the legislative history of 8 U.S.C. § 1101(a)(48)(A) shows "that Congress intended to establish a uniform federal rule that precluded the recognition of subsequent state rehabilitative expungements of convictions").

of the firearms offense on which his deportation order is based.

Petition DISMISSED.

FERGUSON, Circuit Judge, concurring.

I agree that Ramirez–Castro's petition should be dismissed. Nevertheless, I write separately because, while I agree with the majority's conclusion, I disagree with its statement that the general rule is convictions expunged under state law retain their immigration consequences. There is no general rule to this effect, and the majority relies on mere dictum to support it.

The majority oversimplifies the term "expungement statute," using it to support this generalized rule. Its use of the term fails to distinguish between a statute, which dismisses the charges but allows other legal consequences to remain, and a statute, which wholly removes the conviction of guilt and prevents any future legal consequences to apply. As the majority recognizes, neither the California statute at issue in this case nor the Arizona statute at issue in *Murillo–Espinoza v. INS*, 261 F.3d 771 (9th Cir.2001), completely eliminates the consequences of a state conviction. Thus, it logically follows that the setting aside of judgment under either statute cannot obviate the immigration consequences of a state conviction. In contrast, the Federal First Offender Act discussed in *Lujan–Armendariz v. INS*, 222 F.3d 728 (9th Cir.2000), removes the finding of guilt and provides that "no legal consequences may be imposed as a result of the defendant's having committed the offense." *Id.* at 735, 749 (holding that, when an alien could have been tried under the Federal First Offender Act, but was prosecuted instead under state law, he could not be deported).

The California statute at issue in this case allows a court to set aside a guilty verdict after a defendant has fulfilled or been discharged of the conditions of probation. However, under the statute, specific legal consequences of the conviction remain. For example, the statute provides that, "in any subsequent prosecution of the defendant for any offense, the prior conviction may be pleaded and proved and shall have the same effect as if ... the accusation or information[had not been] dismissed." Cal.Penal Code § 1203.4(a). Thus, section 1203.4 does not remove all of the legal consequences of the original conviction, and "the formal judgment of guilty" under 8 U.S.C. § 1101(a)(48)(A) remains. Accordingly, Ramirez–Castro was properly found deportable.