Ebou **CESSAY**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

Nos. 98–70711, 02–71505.

Agency No. A73–419–075.

United States Court of Appeals, Ninth Circuit.

Argued June 5, 2003.

Submitted Dec. 19, 2003.

Decided Dec. 23, 2003.

Bart Klein, Law Offices of Bart Klein, Seattle, WA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Emily A. Radford, Deborah N. Misir, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before HUG, B. FLETCHER, and McKEOWN, Circuit Judges.

## MEMORANDUM*

Ebou Cessay ("Cessay") petitions this Court to review a decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen deportation proceedings for the purpose of seeking an adjustment of resident status. Because the BIA has yet to consider whether the approval of Cessay's I–140 employment preference application is an exceptional circumstance in light of the shortage of nurses in the United States, we grant the petition and remand to the BIA.

## Background

Ebou Cessay is a native and citizen of Gambia, admitted to the United States on August 6, 1992 with an F–1 visa to attend Shaw University in Raleigh, North Carolina. In Gambia, Cessay had earned a diploma in nursing and was a registered nurse there. Due to financial problems, Cessay never attended Shaw University and the Immigration and Naturalization Service ("INS") undertook deportation proceedings against him on August 30, 1995.

Cessay appeared before an Immigration Judge ("IJ"), conceded deportability, and filed an application for asylum and withholding of removal. On April 10, 1996, the IJ denied asylum and withholding of removal, but granted Cessay's request for voluntary departure until May 20, 1996 (In early 1998, the Department of Labor approved Cessay's I–140 application.). The BIA affirmed the IJ's decision on May 27, 1998 and granted Cessay thirty-days voluntary departure. On June 25, 1998, Cessay asked the INS for an extension of his

voluntary departure date. The following day, Cessay filed a motion to reopen with the BIA for the purpose of seeking an adjustment of status.

On April 30, 2002, the BIA denied Cessay's motion to reopen immigration proceedings on the basis that Cessay was statutorily ineligible for adjustment of status because he had failed to depart the United States in accordance with the grant of voluntary departure, and had not demonstrated exceptional circumstances excusing such a failure to depart.

## Discussion

Because the INS commenced proceedings against Cessay before April 1, 1997, and the BIA's order was issued after October 30, 1996, this case is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). *Ramirez–Castro v. INS*, 287 F.3d 1172, 1174 (9th. Cir. 2002). "Denials of motions to reopen are reviewed for an abuse of discretion, although *de novo* review applies to the BIA's determination of purely legal questions." *Mejia v. Ashcroft*, 298 F.3d 873, 876 (9th Cir.2002).

An alien who is granted voluntary departure and remains in the United States after his scheduled departure date is eligible for adjustment of status under section 245 of the Immigration and Nationality Act only upon a showing of exceptional circumstances excusing his failure to depart. 8 U.S.C. § 1252b(e)(2)(A) (1995). "The term 'exceptional circumstances' refers to exceptional circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

§ 1252b(f)(2) (1995). However, "[t]he question whether [an alien] has shown exceptional circumstances is properly left to the BIA." *Fajardo v. INS,* 300 F.3d 1018, 1022 n. 7 (9th Cir.2002).

Cessay argues that the grant of his I–140 employment application constituted an exceptional circumstance and excused his failure to depart. The approval of the application was clearly "beyond the control of the alien." Therefore, we remand this case to the BIA to determine whether, in light of the severe shortage of nurses in this country,[1] the grant of Cessay's employment application is an exceptional circumstance.

PETITION GRANTED

---

1. *See, e.g.,* Sue Fox, *Hospitals May Fail to Meet Nurse–Staffing Standard; Experts warn that new hires at L.A. County sites could fall short of requirements. Officials seek relief from law.,* L.A. Times, Nov. 14, 2003, at B4; V. Dion Haynes, *Nurses Can Name Their Price, From Cash to Cars,* Chi. Trib., Sept. 26, 2003, at A1.