Lidia **CARMONA–RAMIREZ,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney
General,* Respondent.

No. 04–70650, A70–70650.

United States Court of Appeals,
Ninth Circuit.

*** The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

* The court sua sponte changes the docket to reflect that Alberto Gonzales, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

Submitted April 4, 2005.**

Decided April 11, 2005.

J. Jack Artz, Esq., Artz & Associates, Monterey Park, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Virginia Lum, Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

## MEMORANDUM ***

Lidia Carmona–Ramirez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("Board") dismissal of her appeal of an immigration judge's denial of her application for adjustment of status. We dismiss the petition for review.

Because this deportation proceeding was initiated before April 1, 1997, and the Board issued its decisions after October 30, 1996, this case is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. *Magana–Pizano v. INS,* 200 F.3d 603, 607 (9th Cir.1999). Our jurisdiction is limited to determining whether Carmona–Ramirez was inadmissible by reason of her 1985 controlled substance conviction. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II); *Magana–Pizano,* 200 F.3d at 607. We review de novo the Board's interpretation of the Immigration and Nationality Act. *Ramirez–Castro v. INS,* 287 F.3d 1172, 1174 (9th Cir.2002).

Carmona–Ramirez contends that the expungement of her conviction for possession for sale of heroin pursuant to California Penal Code section 1203.4 eliminates the immigration consequences of that offense. We rejected this contention in *Ramirez–Castro v. INS,* 287 F.3d 1172, 1175 (9th Cir.2002). For immigration purposes, Carmona–Ramirez stands convicted of a

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

controlled substance violation. Accordingly, we lack jurisdiction over this petition for review. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II).

To the extent Carmona–Ramirez attempts to collaterally attack her conviction, she cannot do so here. *See Ortega de Robles v. INS,* 58 F.3d 1355, 1358 (9th Cir.1995) ("Criminal convictions cannot be collaterally attacked in deportation proceedings").

PETITION FOR REVIEW DISMISSED.