Angel NIEVES–MARTINEZ,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

Nos. 04–73842, 05–70592.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed July 27, 2006.

Kaye A.Y. Evans, Esq., Beverly Hills, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Linda S. Wendtland, Esq., Edward C. Durant, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Angel Nieves–Martinez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming without opinion an immigration judge's removal order (No. 04–73842), as well as the BIA's subsequent order denying his motion to reopen (No. 05–70592). We have jurisdiction pursuant to 8 U.S.C. § 1252, *Parrilla v. Gonzales,* 414 F.3d 1038, 1040 (9th Cir.2005), and deny the petitions for review.

Reviewing de novo, *Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005), we conclude that despite Nieves–Martinez's 2004 sentencing adjustment, his conviction for violating California Penal Code § 288(a) remains an aggravated felony for which he is removable. *See United States*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*v. Baron–Medina,* 187 F.3d 1144, 1147 (9th Cir.1999) ("[A] conviction under Section 288(a) constitutes a conviction for 'sexual abuse of a minor' within the meaning of 8 U.S.C. § 1101(a)(43)(A)."); *cf. Ramirez–Castro v. INS,* 287 F.3d 1172, 1175 (9th Cir.2002) (applying "the general rule that convictions expunged under state law retain their immigration consequences").

Nieves–Martinez's contention that his due process rights were violated by the BIA's decisions is unpersuasive. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) ("To prevail on a due process challenge ... [a petitioner] must show error and substantial prejudice.").

**PETITIONS FOR REVIEW DENIED.**