**Jean Polh MBOUSSI–ONA, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 06–72178.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Nov. 5, 2007.

Jean Polh Mboussi–Ona, Eloy, AZ, pro se.

Cory L. Braddock, Esq., Snell & Wilmer, LLP, Phoenix, AZ, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Terri J. Scadron, Esq., Eric W. Marsteller, Esq., Lindsay L. Chichester, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., M. Jocelyn Wright, Esq., U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

Before: HUG, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM \*\*

Jean Polh Mboussi–Ona petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order finding that Mboussi–Ona is removable and ineligible for cancellation of removal. We deny the petition on both grounds that Mboussi–Ona presents.

Mboussi–Ona argues that the IJ committed a host of due process errors. *See, e.g., Agyeman v. INS,* 296 F.3d 871, 876–77 (9th Cir.2002); *Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999). Mboussi–Ona claims that the IJ failed to act as a neutral factfinder and failed to assist him as a pro se litigant by not ensuring that he understood the relief available or the evidence needed to prove his claims, and by not helping him develop the record. None of these arguments is convincing. The IJ adequately informed

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Mboussi–Ona of his rights and the options for relief he could pursue and helped him develop the record.

Mboussi–Ona also argues that because his two convictions in 1997 for grand theft under Cal.Penal Code §§ 484 and 487.1 (currently § 487(a)) were expunged under Cal.Penal Code § 1203.4 they do not constitute "convictions" for the purposes of 8 U.S.C. § 1227(a)(2); *see also* 8 U.S.C. § 1101(a)(48)(A) (defining "conviction"). But our precedent forecloses this argument. *See Ramirez–Castro v. INS*, 287 F.3d 1172, 1174–75 (9th Cir.2002) (noting that, "as a general rule, an expunged conviction qualifies as a conviction under the INA," and holding that, even "assuming that some state expungement statutes could eliminate completely the immigration consequences of a state conviction, California Penal Code section 1203.4 is not such a statute"); *Murillo–Espinoza v. INS*, 261 F.3d 771, 774 (9th Cir.2001) (similar). Even if other exceptions exist beyond the one carved out for the Federal First Offender Act, *see Lujan–Armendariz v. INS*, 222 F.3d 728 (9th Cir.2000), and *Dillingham v. INS*, 267 F.3d 996 (9th Cir.2001), the present case does not demand such an exception. *Cf. Ramirez–Castro*, 287 F.3d at 1174 ("Petitioner must demonstrate that his case falls within the exception created by *Lujan–Armendariz*, or show that some other, yet unrecognized, exception applies.").

Petition DENIED.