**Eric Orlando ALAS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–71531.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 8, 2008.

---

1. We address this issue at length in a contemporaneously filed opinion.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hiram W. Kwan, Esquire, Law Office of Hiram W. Kwan, Los Angeles, CA, for Petitioner.

District Counsel Phoenix, Esquire, Office of the District Director U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Don George Scroggin, Esquire, Linda S. Wendtland, Esquire, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

### MEMORANDUM **

Eric Orlando Alas, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision that he is removable as an aggravated felon and does not qualify for withholding of removal or protection under the Convention Against Torture ("CAT"). We deny the petition for review.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BIA correctly determined that Alas' conviction under Cal.Penal Code § 288(a) constitutes "sexual abuse of a minor" and an aggravated felony. *See United States v. Baron–Medina,* 187 F.3d 1144, 1146–47 (9th Cir.1999). His expunged conviction is not analogous to a first-time drug possession offense. *Cf. Ramirez–Castro v. INS,* 287 F.3d 1172, 1174 (9th Cir.2002) ("Petitioner must demonstrate that his case falls within the exception created by [*Lujan–Armendariz v. INS,* 222 F.3d 728 (9th Cir.2000) ], or show that some other, yet unrecognized, exception applies."). In addition, we reject Alas' contentions regarding the circumstances of his conviction as we cannot collaterally revisit a criminal proceeding. *See Ortega de Robles v. INS,* 58 F.3d 1355, 1358 (9th Cir.1995).

Substantial evidence supports the BIA's determination that Alas failed to establish a well-founded fear of persecution based on an enumerated ground because he failed to show that his feared harm would result from anything other than criminal activity. *See Bolshakov v. INS,* 133 F.3d 1279, 1281 (9th Cir.1998).

Substantial evidence also supports the BIA's determination that Alas failed to present evidence that it is more likely than not that he would be tortured by El Salvadoran officials or anyone acting with their consent or acquiescence. *See Azanor v. Ashcroft,* 364 F.3d 1013, 1018–19 (9th Cir. 2004).

Alas' contention that the IJ violated his due process rights by denying his motion for a change of venue and preventing his mother and wife from testifying is unpersuasive because he was afforded a full and fair opportunity to present his case. *Vargas–Hernandez v. Gonzales,* 497

F.3d 919, 926–27 (9th Cir.2007); *cf. Baires v. INS,* 856 F.2d 89, 92–93 (9th Cir.1988). Moreover, Alas has not established that the IJ's conduct may have affected the outcome of his proceedings. *See Baballah v. Ashcroft,* 367 F.3d 1067, 1075 n. 8 (9th Cir.2004) (requiring a showing of prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**