MEMORANDUM **
In these consolidated petitions, Ramon Javier Arredondo Aguirre and Lucila Ar-redondo, husband and wife and natives and citizens of Mexico, seek review of the Board of Immigration Appeals’ (“BIA”) orders dismissing their appeal from an immigration judge’s (“IJ”) removal order, and denying their motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review legal and constitutional issues de novo, Vasquez-Zavala v. Ashcroft, 324 F.3d 1105, 1107 (9th Cir.2003), and we review for abuse of discretion the denial of a motion to reconsider, Oh v. Gonzales, 406 F.3d 611, 612 (9th Cir.2005). We dismiss in part and deny in part the petition for review in No. 05-73265, and we deny the petition for review in No. 05-75648.
We lack jurisdiction to consider petitioners’ contention that their former attorney provided ineffective assistance because they did not exhaust this claim before the BIA. See Ontiveros-Lopez v. INS, 213 F.3d 1121, 1124 (9th Cir.2000).
*116 We also lack jurisdiction to review the agency’s discretionary determination that Lucila Arredondo failed to show exceptional and extremely unusual hardship to a qualifying relative. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005).
We are unpersuaded by Arredondo Aguirre’s contention that the BIA was required to remand his case because of the expungement of his conviction for carrying a concealed weapon. See Ramirez-Castro v. INS, 287 F.3d 1172, 1173 (9th Cir.2002) (expungement of conviction did not eliminate the immigration consequences of the conviction). Because Arredondo Aguirre does not otherwise challenge his ineligibility for cancellation of removal based on the weapons offense, we need not consider his contention regarding his drug conviction.
We reject petitioners’ contention that the IJ violated due process by denying a continuance, because their proceedings were not “so fundamentally unfair that [they were] prevented from reasonably presenting [their] case.” Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000) (internal quotation marks and citation omitted). Moreover, petitioners failed to demonstrate prejudice. Id.
The BIA properly construed petitioners’ motion to reopen as a motion to reconsider because the motion only alleged legal and factual errors in the BIA’s prior decision. See Iturribarria v. INS, 321 F.3d 889, 895 (9th Cir.2003). The BIA therefore did not abuse its discretion by denying the motion as untimely because it was filed more than 30 days after the BIA’s May 4, 2005 decision. See 8 C.F.R. § 1003.2(b)(2).
No. 05-73265: PETITION FOR REVIEW DISMISSED in part; DENIED in part.
No. 05-75648: PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.