**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAULINO RIVAS-MIRANDA, | No. 10-72433 |
| Petitioner, | Agency No. A073-422-774 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Paulino Rivas-Miranda, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

remand to reapply for relief under 8 U.S.C. § 1254a.  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand, and review de novo claims of due process violations. *Castillo-Perez v. INS*, 212 F.3d 518, 523 (9th Cir. 2000). We deny the petition for review.

The BIA did not abuse its discretion in denying Rivas-Miranda's motion to remand where he failed to show eligibility for Temporary Protected Status ("TPS"). *See* 8 U.S.C. § 1254a(c)(2)(B)(i) (an alien who has been convicted of two or more misdemeanors in the United States is not eligible for TPS); *Ramirez-Castro v. INS*, 287 F.3d 1172, 1175 (9th Cir. 2002) (expungement of a misdemeanor California conviction does not eliminate the immigration consequences of the conviction). It follows that Rivas-Miranda's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**