**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HUGO RENE HERNANDEZ, | No. 11-70593 |
| Petitioner, | Agency No. A070-919-120 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Hugo Rene Hernandez, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT") and denying his motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including adverse credibility determinations, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and review for abuse of discretion the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on discrepancies between Hernandez's testimony and his 1994 asylum application regarding his party affiliation, political activities, and harms suffered. *See Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir. 2001) (per curiam) (discrepancies regarding petitioner's political affiliation went to heart of claim that she was persecuted on account of her political opinion). Accordingly, in the absence of credible testimony, Hernandez's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Hernandez's CAT claim is based on the same testimony found not credible, and he does not point to any other evidence that shows it is more likely than not he will be tortured if returned to El Salvador, his CAT claim also fails. *See id*. at 1156-57.

2

Finally, the BIA did not abuse its discretion in denying Hernandez's motion to remand for purposes of reconsidering his eligibility for NACARA relief because the expungement of one of Hernandez's convictions pursuant to Cal. Penal Code § 1203.4 did not eliminate the immigration consequences of the conviction. *See Ramirez-Castro v. INS*, 287 F.3d 1172, 1174-75 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED.**