**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO BAEZ-OROZCO, <br><br> Petitioner, <br><br> v. <br><br> LORETTA LYNCH, Attorney General <br><br> Respondent. | No. 13-71152 <br><br> Agency No. A096-866-243 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of
The Board of Immigration Appeals

Submitted December 11, 2015 [**]
Pasadena, California

Before:    GOULD and BERZON, Circuit Judges, and ZOUHARY,[***] District
Judge.

Alejandro Baez-Orozco challenges the decision of the Board of Immigration

Appeals ("BIA") affirming the Immigration Judge's denial of his application for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

adjustment of status. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

The BIA reasonably concluded Baez's prior drug convictions retained their immigration consequences because they were expunged under a rehabilitative statute, Cal. Penal Code § 1210.1. *See Ramirez-Castro v. INS*, 287 F.3d 1172, 1174 (9th Cir. 2002) ("For immigration purposes, a person continues to stand convicted of an offense notwithstanding a later expungement under a state's rehabilitative law."). The statute under which Baez obtained relief requires completion of a drug treatment program and substantial compliance with the conditions of probation, and leaves in place a number of civil disabilities. Although Baez's convictions were dismissed, that dismissal "does not reflect a judgment about the merits of the underlying adjudication of guilt." *In re Marroquin-Garcia*, 23 I. & N. Dec. 705, 713–14 (BIA 1997; A.G. 2005).

Baez also fails to distinguish Cal. Penal Code § 1210.1 from a similar statute this Court has previously recognized as rehabilitative, Cal. Penal Code § 1203.4. *See Ramirez-Castro*, 287 F.3d at 1175–76; *see also Marroquin-Garcia*, 23 I. & N. Dec. at 713–14. Because Baez continues to stand convicted of his offenses for immigration purposes, he was properly found ineligible for a status adjustment.

**DENIED**.