Gaviola v. Lynch

BIA
Zagzoug, IJ
A039 158 351

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand sixteen.

PRESENT:
>  ROSEMARY S. POOLER,
>  DEBRA ANN LIVINGSTON,
>  DENNY CHIN,
>   *Circuit Judges.*

_____

MARK SEMANA GAVIOLA,
>   *Petitioner,*

v.                                        12-4748
                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
>   *Respondent.*

_____

_____

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

**FOR PETITIONER:**     Herbert J. Tan, Fort Lee, NJ.

**FOR RESPONDENT:**     Stuart F. Delery, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Channah F. Norman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mark Semana Gaviola, a native and citizen of the Philippines, seeks review of the November 8, 2012, decision of the BIA affirming the December 21, 2010, decision of an Immigration Judge ("IJ"), which denied Gaviola's motion to rescind his *in absentia* removal order. *In re Mark Semana Gaviola*, No. A039 158 351 (B.I.A. Nov. 8, 2012), *aff'g* No. A039 158 351 (Immig. Ct. N.Y. City Dec. 21, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Pursuant to 8 U.S.C. § 1229a(b)(5)(A), "[a]ny alien who, after written notice . . . has been provided to the alien or the alien's counsel of record, does not attend a proceeding . . ., shall be ordered removed in absentia" if it is

2

established "by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." An *in absentia* removal order may be rescinded, *inter alia*, upon a motion to reopen filed within 180 days after the date of the order of removal if the alien establishes "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i); 8 C.F.R. § 1003.23(b)(4)(ii). When an alien files a motion that seeks both rescission of an *in absentia* order, as well as reopening of proceedings based on new evidence, we treat the motion as comprising distinct motions to rescind and to reopen. *Alrefae v. Chertoff,* 471 F.3d 353, 357 (2d Cir. 2006). We review both the denial of a motion to rescind an *in absentia* removal order and the denial of a motion to reopen for abuse of discretion. *Id.; Maghradze v. Gonzales*, 462 F.3d 150, 152-53 & n.1 (2d Cir. 2006).

Construing Gaviola's motion before the IJ as both a motion to reopen and as a motion to rescind the *in absentia* order, the agency did not abuse its discretion in denying the motion. To the extent that Gaviola moved to reopen proceedings pursuant to 8 U.S.C. § 1229a(c)(7), he did not present any new, previously unavailable evidence, or any additional evidence at all, and accordingly the IJ did not

3

abuse her discretion in declining to reopen proceedings. *See* 8 C.F.R. § 1003.2(c)(1); *Norani v. Gonzales*, 451 F.3d 292, 294 & n.3 (2d Cir. 2006). To the extent that Gaviola moved to rescind the *in absentia* order, the motion, while timely, did not adequately allege exceptional circumstances which would warrant rescinding the order, as Gaviola stated only that his attorney had filed a motion to adjourn proceedings, and, by his own account, did not receive a reply to that motion. *See* 8 U.S.C. § 1229a(e)(1); *Kulhawik v. Holder*, 571 F.3d 296, 299 (2d Cir. 2009) (per curiam). Accordingly, the agency did not abuse its discretion in declining to rescind the *in absentia* order.[**]

---

[**]As the government notes in its brief, ineffective assistance of counsel can constitute exceptional circumstances warranting the reopening of a removal order entered *in absentia*, and, assuming due diligence on the part of the movant, the 180-day filing deadline may be equitably tolled. *See Aris v. Mukasey*, 517 F.3d 595, 599 & n.7 (2d Cir. 2008). Gaviola does not now allege and has not previously alleged that he received any ineffective assistance of counsel in these proceedings, and we do not opine on the merits of any such argument. We note, however, that Gaviola's attorney failed to appear at the November 2010 hearing which resulted in the *in absentia* order, and that this failure is neither explained nor shown to be the result of exceptional circumstances. Gaviola, moreover, may be statutorily eligible for cancellation of removal for permanent residents under 8 U.S.C. § 1229b(a), and, pursuant to Vartelas v. Holder, 132 S. Ct. 1479 (2012), he may no longer be inadmissible as charged.

Gaviola argues here for the first time that because his assault conviction was expunged in 2008, he is not removable as charged. As the government notes, this argument is unexhausted and we therefore do not consider it.[***] *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[***]Moreover, Gaviola's conviction was expunged pursuant to California Penal Code § 1203.4, and a conviction expunged under that particular statutory provision remains a conviction for immigration purposes. *See Ramirez-Castro v. INS*, 287 F.3d 1172, 1175 (9th Cir. 2002); *Matter of Marroquin-Garcia*, 23 I&N Dec. 705, 713-14 (A.G. 2005); *see also Saleh v. Gonzales*, 495 F.3d 17, 25 (2d Cir. 2007).