**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UDON LERTJANTHUK, | No. 15-72426 |
| Petitioner, | 16-70302 |
| v. | Agency No. A040-270-118 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 9, 2018
Pasadena, California

Before:  M. SMITH and FRIEDLAND, Circuit Judges, and RAKOFF,** District Judge.

Udon Lertjanthuk appeals from the Board of Immigration Appeal's ("BIA")

dismissal of his appeal of an Immigration Judge's ("IJ") decision denying his

applications for withholding of removal and protection under the Convention

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Against Torture ("CAT") and finding him to be competent to proceed *pro se*. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny Lertjanthuk's petition for review.

1. "To qualify for withholding of removal, an applicant must show a 'clear probability' of future persecution . . . 'on account of' one of the statutorily enumerated grounds: race, religion, nationality, political opinion, or membership in a particular social group." *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (first quoting *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003); and then quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 480 (1992)). Lertjanthuk argues that the agency erred when it concluded that his past harm was not on account of an imputed political opinion or his family membership, but he fails to demonstrate any nexus between the past harm he suffered and the protected grounds he identifies. Our decision in *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017), does not require the agency to reconsider this issue, because here the IJ and BIA concluded that a protected ground was not a reason at all for the past persecution—not that it was one of many reasons.

2. To demonstrate eligibility for protection under CAT, an alien must show that "'she is more likely than not to be tortured [upon return to her home country],' either 'by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *Avendano-Hernandez v.*

2

*Lynch*, 800 F.3d 1072, 1078-79 (9th Cir. 2015) (first quoting 8 C.F.R. § 1208.17(a); and then quoting 8 C.F.R. § 1208.18(a)(1)).  Substantial evidence supports the conclusion that Lertjanthuk "has not shown that he likely will be tortured, at the instigation or with the consent or acquiescence of an official of the Thai government."  Indeed, the previous events took place over 30 years ago, and there is no evidence in the record indicating that the village chief is still alive or living in the same village.

3.  Lertjanthuk has also failed to show any error in the IJ's process for determining that he was competent to represent himself *pro se*.  Here, "in an abundance of caution," the IJ referred Lertjanthuk to a forensic psychologist for further evaluation, even though the IJ "had already made a finding that [Lertjanthuk] was competent and . . . believed [he] was in fact competent."  And although Lertjanthuk argues that the forensic psychologist's evaluation of his memory was inadequate, he identifies no standard showing that this was the case.[1]

4.  "An en banc hearing . . . is not favored and ordinarily will not be ordered unless: (1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional

---

[1] Lertjanthuk argues that the forensic psychologist applied an incorrect presumption.  But even assuming this is true, he fails to cite any authority that shows that this renders the evaluation facially invalid.  And there is no indication that the IJ or BIA applied the wrong presumption in any event.

importance." Fed. R. App. P. 35(a). We reject Lertjanthuk's request to take this case en banc to overturn *Ramirez-Castro v. INS*, 287 F.3d 1172 (9th Cir. 2002). Lertjanthuk has identified no conflict in the case law. Moreover, this court recently revisited this area of precedent in *Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011) (en banc), and we decline to do so again here.

Petition **DENIED**.