**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Eliodoro Sanchez-Sarabia, | No. 21-581 |
| Petitioner, | Agency No. A092-952-037 |
| v. | MEMORANDUM* |
| Merrick B. Garland, U.S. Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 16, 2023
Pasadena, California

Before: PAEZ, CHRISTEN, and MILLER, Circuit Judges.
Concurrence by Judge CHRISTEN.

Eliodoro Sanchez Sarabia petitions for review of the Board of

Immigration Appeals' ("BIA") denial of his motion to reopen and terminate

proceedings.[1] We have jurisdiction under 8 U.S.C. § 1252 and review for abuse

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Sanchez Sarabia argues that the BIA legally erred in requiring him to submit an application for relief with his motion to reopen. We need not address this argument, however, because Sanchez Sarabia sought to terminate his proceedings. Therefore, if he is successful, he would not need to apply for relief.

of discretion. We grant the petition and remand for further proceedings.

Sanchez Sarabia was placed in removal proceedings following two separate convictions. In 2002, he was convicted of violating California Health & Safety Code § 11377(a) ("§ 11377(a)") for possession of a controlled substance. In 2013, he was convicted of a felony for violating California Penal Code ("CPC") § 273d(a) ("§ 273d(a)") for corporal injury to a child. Section 273d is classified as a "wobbler" statute because it can be prosecuted as either a misdemeanor or felony. CPC § 273d(a);[2] *see also Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 844 (9th Cir. 2003), *overruled in part by Ceron v. Holder*, 747 F.3d 773 (9th Cir. 2014) (en banc). The superior court sentenced Sanchez Sarabia to four years in prison but suspended the execution of the sentence. The court then placed him on probation for five years with a number of conditions, one of which was that he serve 365 days in the Los Angeles County jail. The Immigration Judge ("IJ") found Sanchez Sarabia removable under 8 U.S.C. § 1227(a)(2)(B)(i), as a noncitizen convicted of a controlled substance offense for his § 11377(a) conviction, and 8 U.S.C. § 1227(a)(2)(A)(iii), as a noncitizen convicted of an aggravated felony for his § 273d(a) conviction.

In 2019, Sanchez Sarabia moved the Los Angeles County Superior Court

---

[2] CPC § 273d(a) states in part: "Any person who willfully inflicts upon a child any cruel or inhuman corporal punishment or injury resulting in a traumatic condition is [1] guilty of a felony and shall be punished by imprisonment . . . for two, four, or six years, *or* [2] in a county jail for not more than one year . . . ." (emphasis added).

to dismiss his § 273d(a) felony conviction under CPC § 1203.4[3] ("§ 1203.4").

He also moved the superior court to reduce the § 273d(a) felony charge to a

misdemeanor under a separate statute, CPC § 17(b)[4] ("§ 17(b)") and to impose a

364-day sentence for the amended misdemeanor violation under CPC § 18.5[5]

("§ 18.5"). The superior court granted the relief he requested. Separately, the

superior court granted Sanchez Sarabia's motion to vacate his § 11377(a)

conviction because he did not meaningfully understand the adverse immigration

---

[3] CPC § 1203.4(a): When a defendant has fulfilled the conditions of probation for the entire period of probation . . . , the defendant shall, at any time after the termination of the period of probation . . . , be permitted by the court to *withdraw their plea of guilty or plea of nolo contendere and enter a plea of not guilty*; . . . and, in either case, the court shall thereupon *dismiss the accusations or information against the defendant* and except as noted below, the defendant shall thereafter *be released from all penalties and disabilities resulting from the offense* of which they have been convicted . . . . (emphasis added).

[4] CPC § 17(b)(3): When a crime is punishable, in the discretion of the court, *either by imprisonment in the state prison or imprisonment in a county jail* . . . , it is a *misdemeanor* for all purposes under the following circumstances: When the *court grants probation to a defendant* and at the time of granting probation, or *on application of the defendant* or probation officer thereafter, the *court declares the offense to be a misdemeanor.* (emphasis added).

[5] The court transcript states "PC 1835," but CPC § 1835 does not exist. It is clear that the Los Angeles Superior Court judge said or meant to say § 18.5, which provides that the maximum sentence for any misdemeanor shall not exceed 364 days of imprisonment in a county jail. CPC § 18.5 ("Every *offense* which is prescribed by any law of the state to be punishable by imprisonment in a *county jail up to or not exceeding one year* shall be punishable by imprisonment in a county jail *for a period not to exceed 364 day*s. This section shall apply *retroactively* . . . ." (emphasis added)). Sanchez Sarabia argues that this citation creates an ambiguity that prevents the government from meeting its burden of showing that he is removable. A reasonable reading of the relevant statutes clearly demonstrates otherwise.

21-581

consequences of his plea.

Sanchez Sarabia subsequently filed a motion to reopen with the BIA and argued that (1) he was no longer removable under 8 U.S.C. §1227(a)(2)(B)(i) because his § 11377(a) conviction had been vacated, and (2) under *In re Cota-Vargas*, he no longer qualified as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii) because his § 273d(a) felony had been reduced to a misdemeanor for which the superior court imposed a 364-day jail sentence. 23 I. & N. Dec. 849 (B.I.A. 2005), *overruled by In re Thomas*, 27 I. & N. Dec. 674 (A.G. 2019). The BIA held that while Sanchez Sarabia was no longer removable under 8 U.S.C. §1227(a)(2)(B)(i),[6] he still qualified as an aggravated felon because, although he "subsequently attained an amendment of the complaint changing the charge from a felony to a misdemeanor," "pursuant to California Penal Code § 1203.4," that "ha[d] no bearing on the sustained charge of removability" under 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1101(a)(43)(F).[7]

---

[6] Sanchez Sarabia claims that the BIA erred in holding that the vacatur of his § 11377(a) conviction was not a basis for reopening his case. To the contrary, the BIA agreed that the conviction was invalid for immigration purposes. But the BIA concluded that the vacatur of the § 11377(a) conviction was insufficient for reopening because Sanchez Sarabia's § 273d(a) conviction still rendered him removable.

[7] Prior to the BIA's decision, the Attorney General overturned *Cota-Vargas*. *See Thomas*, 27 I. & N. Dec. at 675–78 (concluding that *Cota-Vargas*' reasoning was not based in the INA and holding that immigration courts must apply the test in *In re Pickering*, 23 I. & N. Dec. 621 (B.I.A. 2003), for sentencing modifications and clarifications in addition to conviction vacaturs and thus, that immigration courts may recognize alterations only when they are

Thus, the BIA concluded that Sanchez Sarabia was subject to removal as an aggravated felon.

The BIA abused its discretion in denying Sanchez Sarabia's motion to reopen. *See B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022) ("The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." (citations omitted)). First, the BIA erred in "misstating the record" by stating that the superior court reduced Sanchez Sarabia's § 273d(a) charge from a felony to a misdemeanor pursuant to § 1203.4. *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011) (holding that when the BIA "misstat[es] the record," the misstatement may indicate that the BIA did not consider all the evidence and thus that "the decision cannot stand"). This modification, however, was authorized by § 17(b), a separate and distinct statutory authority. Section 1203.4 permits a defendant, upon successfully completing probation, to withdraw his guilty plea and enter a plea of not guilty; it has no bearing on the superior court's authority under § 17(b) to reduce a wobbler offense from a felony to a misdemeanor, and subsequently impose a misdemeanor sentence under § 18.5. *Compare* CPC § 1203.4, *with* CPC § 17(b), *and* CPC § 18.5.

---

based on "a procedural or substantive defect in the underlying criminal proceeding"). However, at the time that Sanchez Sarabia filed his motion to reopen *Cota-Vargas* was still good law. Despite this change in precedent, the agency failed to cite or acknowledge these cases in discussing Sanchez Sarabia's removability under 8 U.S.C. § 1227(a)(2)(A)(iii).

Because the superior court's §§ 17(b) and 18.5 orders were not encapsulated by or dependent on the court's § 1203.4 order, the BIA misrepresented the record in citing the wrong statutory authority. *See Cole*, 659 F.3d at 771.

Second, the BIA erred in "ignor[ing]" Sanchez Sarabia's sentencing modification arguments. *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("IJs and the BIA are not free to ignore arguments raised by a petitioner."). Sanchez Sarabia specifically requested that the BIA reopen his removal proceedings because under *Cota-Vargas*, the superior court's sentencing reduction meant he no longer constituted an aggravated felon. 23 I. & N. Dec. at 849, 851–53 (holding that unlike with some conviction vacaturs, the BIA must give "full faith and credit" to state courts' "decision to modify or reduce . . . [a] criminal sentence" to less than 365 days and conclude that such convictions no longer constitute "aggravated felon[ies]"). While the Attorney General subsequently overturned *Cota-Vargas* in *Thomas*, 27 I. & N. Dec. 674 (A.G. 2019), the BIA did not acknowledge this significant change in precedent or its impact on Sanchez Sarabia's claim.[8] Instead, the BIA treated his charge

---

[8] Sanchez Sarabia argues that the Attorney General's decision in *Thomas* was an unreasonable interpretation of the relevant removal statutes and therefore that it should be set aside. Alternatively, he contends that *Thomas* should not apply retroactively to his case. Because the BIA did not address these arguments, we may not consider them. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). Our court has not yet addressed these issues, but the Seventh Circuit has in *Zaragoza v. Garland*, 52 F. 4th 1006 (7th Cir. 2022). There, the Seventh Circuit rejected the petitioner's claim that *Thomas* was wrongly decided, holding that the Attorney General's decision was a permissible interpretation of

reduction and corresponding sentence reduction as a vacatur under § 1203.4, citing our circuit's expungement precedent for support. Yet, Sanchez Sarabia never sought relief pursuant to the superior court's dismissal under § 1203.4. Because the BIA ignored Sanchez Sarabia's actual sentence modification arguments and instead treated them as expungement claims, the BIA erred. *See Sagaydak*, 405 F.3d at 1040.

Without a "reasoned explanation" for misstating the record and ignoring Sanchez Sarabia's legal arguments, the BIA abused its discretion. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). Accordingly, we grant the petition and remand the case to the BIA to consider Sanchez Sarabia's charge reduction and sentencing modification arguments. *See Sanchez Rosales v. Barr*, 980 F.3d 716, 719 (9th Cir. 2020).

**PETITION FOR REVIEW GRANTED AND REMANDED.**

---

the relevant statutes, but held that *Thomas* should not have been applied retroactively to the petitioner's case. *See id.* at 1021–24. We express no view on the merits of these arguments, as they should be addressed by the BIA in the first instance.

*Sanchez Sarabia v. Garland*, No. 21-581

CHRISTEN, Circuit Judge, concurring in the judgment:

I agree with most of the majority's reasoning. Sanchez Sarabia requested and received three forms of relief in California superior court regarding his conviction for corporal injury to a child. First, pursuant to California Penal Code (CPC) § 1203.4, the superior court permitted Sanchez Sarabia to withdraw his guilty plea and plead not guilty to corporal injury to a child, CPC § 273d(a), and the court dismissed the CPC § 273d(a) charge. Then, the superior court reimposed a conviction but downgraded Sanchez Sarabia's charge from a felony to a misdemeanor pursuant to CPC § 17(b). The superior court also reduced Sanchez Sarabia's county jail sentence from 365 days to 364 days pursuant to CPC § 18.5.

The BIA correctly recognized that relief granted pursuant to CPC § 1203.4 does not determine whether a petitioner has been convicted of an "aggravated felony" for purposes of federal immigration law. *See Lopez v. Sessions*, 901 F.3d 1071, 1075 (9th Cir. 2018) (citing *Ramirez-Castro v. INS*, 287 F.3d 1172, 1174 (9th Cir. 2002)). But I agree with the majority that the superior court's ability to grant additional relief pursuant to CPC §§ 17(b) and 18.5 did not necessarily depend on whether the superior court previously granted relief under CPC § 1203.4, and I cannot say that remand in this case would be futile.

1

CPC § 17(b)(3) allowed the superior court to declare Sanchez Sarabia's conviction a misdemeanor. We have held that "whether a state classifies an offense as a 'misdemeanor' is irrelevant to determining whether it is an 'aggravated felony' for purposes of federal law." *Habibi v. Holder*, 673 F.3d 1082, 1088 (9th Cir. 2011); *see Ceron v. Holder*, 747 F.3d 773, 777–78 (9th Cir. 2014) (en banc) ("For our purposes, it does not matter whether Petitioner's conviction was a felony or a misdemeanor. . . . Petitioner's conviction meets the federal statutory requirement either way.").

Assuming that CPC § 17(b) allowed the superior court to modify Sanchez Sarabia's sentence to a misdemeanor, the modification of his 365-day county jail sentence to a 364-day sentence was facilitated pursuant to CPC § 18.5. All else being equal, a sentence of less than 365 days would not be irrelevant in Sanchez Sarabia's case, but we recently held that retroactive modifications under CPC § 18.5 cannot be recognized when determining whether a prior conviction qualifies as a "crime of moral turpitude" (CIMT). *See Velasquez-Rios v. Wilkinson*, 988 F.3d 1081, 1089 (9th Cir. 2021). The question in Sanchez Sarabia's case is whether his prior offense qualifies as an aggravated felony, not whether it qualifies as a CIMT. The reasoning we applied in *Velasquez-Rios* may apply with equal force to "aggravated felony" convictions because we explained in that case that "federal law standards [governing removal] cannot be altered or contradicted

2

retroactively by state law actions, and cannot be manipulated after the fact by state laws modifying sentences that at the time of conviction permitted removal." *Id.* But the BIA has not addressed the precise question presented here.

Ultimately, I conclude the majority is correct to grant this petition and remand because: (1) the record is unclear about whether the BIA conflated the relief available under CPC § 1203.4 with the relief available pursuant to CPC § 17(b); (2) the BIA did not specifically address the operation of §§ 17(b) and 18.5; and (3) *Velasquez-Rios* did not address aggravated felony convictions. *See Ali v. Holder*, 637 F.3d 1025, 1029 (9th Cir. 2011) ("We cannot affirm the BIA or IJ on a ground upon which it did not rely.").

I concur in the majority's decision to grant the petition for review and remand to the BIA.