**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS PEREZ-MONJE, | No. 05-71387 |
| Petitioner, | Agency No. A92-407-684 |
| v. | |
| ERIC H. HOLDER, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 4, 2010[**]
Pasadena, California

Before: PREGERSON, D.W. NELSON and IKUTA, Circuit Judges.

The Board of Immigration Appeals ("BIA") erred in relying on Perez-

Monje's failure to show prejudice as the basis for denying his motion to reopen

proceedings after an in absentia order. Such a showing is not required in this

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

context. *Lo v. Ashcroft*, 341 F.3d 934, 939 n.6 (9th Cir. 2003). Additionally, the BIA erred in failing to consider Perez-Monje's allegation that his attorney provided ineffective assistance by failing to comply with the *Lozada* requirements in his initial motion to reopen on November 8, 1999, *see Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), and by filing an untimely appeal to the BIA on April 25, 2000. Moreover, the BIA did not consider Perez-Monje's argument that he was entitled to equitable tolling of the time and number requirements for motions to reopen. *See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001); *see also* 8 U.S.C. § 1229a(b)(5)(C)(i); 8 C.F.R. §§ 1003.2(c)(3), 1003.23(b)(4)(ii). The BIA is "not free to ignore arguments raised by a petitioner." *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005).

Additionally, the BIA did not address Perez-Monje's eligibility for INA § 212(c) relief, 8 U.S.C. § 1182(c) (1994), *repealed by* Pub. L. 104-208, § 304(b), 110 Stat. 3009-597 (1996), in light of *Matter of M-S-*, 22 I. & N. Dec. 349 (BIA 1998), or *Abebe v. Mukasey*, 554 F.3d 1203 (9th Cir. 2009) (en banc). We remand to the BIA to consider these issues in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16 (2002).

**PETITION FOR REVIEW GRANTED and REMANDED.**