**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISRAEL SANCHEZ ROSALES; MA ANTONIA MARTINEZ HERNANDEZ SANCHEZ, AKA Maria Antonia Hernandez Sanchez, *Petitioners*, v. WILLIAM P. BARR, Attorney General, *Respondent.* | No. 18-70666 Agency Nos. A205-552-109 A205-552-110 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2020[*]
Pasadena, California

Filed November 18, 2020

Before: Kim McLane Wardlaw and Lawrence VanDyke,
Circuit Judges, and Jennifer Choe-Groves,[**] Judge.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

Opinion by Judge Choe-Groves;
Dubitante Opinion by Judge VanDyke

---

## SUMMARY***

---

### Immigration

The panel granted a petition for review of the Board of Immigration Appeals' decision denying a motion to reopen filed by Israel Sanchez Rosales and Maria Antonia Martinez Hernandez Sanchez, and remanded, concluding that, under circuit precedent, a showing of prejudice is not required when ineffective assistance of counsel leads to an in absentia order of removal.

Petitioners were ordered removed in absentia in 2014. The BIA denied their first motion to reopen, which had averred that Israel had been told by the immigration court that Petitioners' hearing was not on the court's calendar. Although this motion to reopen and the subsequent appeal appeared to have been prepared pro se, petitioners later repeatedly asserted that the documents were prepared by a non-attorney notario named Carlos Lewis. In 2017, Petitioners filed their second motion to reopen, claiming that Lewis instructed them not to attend their hearing before the immigration judge. The BIA denied the motion.

The panel concluded that the BIA erred by denying the motion on the ground that the denial of Petitioners' first

---

*** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

motion to reopen had been "legally correct." The panel explained that Lewis' ineffective assistance had not yet been disclosed when the agency decided the first motion to reopen, and therefore, relying solely on the previous decision impermissibly ignored the central argument of the second motion.

The panel next concluded that the BIA erred in denying the motion on the ground that Petitioners had not shown that "they were prejudiced by ineffective assistance or fraud." The panel explained that, in *Lo v. Ashcroft*, 341 F.3d 934 (9th Cir. 2003), the court concluded that the BIA does not normally require a showing of prejudice when a motion for rescission of an in absentia removal order is grounded on ineffective counsel. Accordingly, the panel remanded to the BIA to evaluate Petitioners' motion without requiring a showing of prejudice.

Dubitante, Judge VanDyke agreed that circuit precedent compelled the result in this case, but wrote separately because he concluded that that precedent is silly and well illustrates the court's nasty habit of muddying immigration law and holding the BIA to stilted standards to which this court would never subject itself. Judge VanDyke wrote that the circuit's immigration jurisprudence is a hot mess, sharply at odds with the text and purposes of immigration law, and regularly ignores the important difference between the BIA's *direct* appellate role versus this court's *indirect* and supposedly deferential role on review. Further, Judge VanDyke concluded that the "no-prejudice-in-a-motion-to-reopen-based-on-ineffective-assistance" rule was devoid of any rationale, writing that there is no reason why a petitioner attempting to claim ineffective assistance of counsel should not need to show prejudice, which is a mainstay of

ineffective assistance claims under the Fifth Amendment's Due Process Clause.

## COUNSEL

Mitzi Cardenas, Los Angeles Immigration Attorneys, Los Angeles, California, for Petitioners.

Kathleen Kelly Volkert, Trial Attorney; Anthony C. Payne, Assistant Director; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

CHOE-GROVES, Judge:

Israel Sanchez Rosales and Maria Antonia Martinez Hernandez Sanchez, natives and citizens of Mexico, petition for review of an order of the Board of Immigration Appeals ("BIA") denying their second motion to reopen. That motion has two parts: First, Petitioners contend that ineffective assistance of a non-attorney notario who advised them not to attend their hearing caused them to be ordered removed in absentia. Second, Petitioners seek to have their case reopened so that they can apply for cancellation of removal based on the hardship their removal would cause to their two U.S. citizen sons.

We conclude that the BIA erred by treating Petitioners' failure to show prejudice caused by the alleged ineffective assistance as a basis for denying their motion to reopen proceedings. A showing of prejudice is not required when

ineffective assistance leads to an in absentia order of removal. *See Lo v. Ashcroft*, 341 F.3d 934, 939 n.6 (9th Cir. 2003) (citing *In re Rivera-Claros*, 21 I. & N. Dec. 599, 603 n.1 (BIA 1996)); *see also Monjaraz-Munoz v. INS*, 327 F.3d 892, 897 (9th Cir. 2003), *amended by* 339 F.3d 1012 (9th Cir. 2003).

In light of this conclusion, we need not reach the BIA's decision denying Petitioners' motion to reopen proceedings to allow Petitioners to apply for cancellation of removal.

## I.

### A.

Petitioners arrived in the United States in approximately 2000. They have two U.S. citizen sons, ages thirteen and fifteen, one of which suffers from developmental disabilities necessitating medication and special education. Petitioners sought immigration assistance from a non-attorney notario named Carlos Lewis, who told them that because of their long residency in the United States and their son's challenges, it would be easy to obtain green cards. According to Petitioners, Lewis prepared and submitted an asylum application on their behalf without their authorization.

Petitioners received notices to appear, including instructions concerning their scheduled hearing before an immigration judge. The instructions warned Petitioners that if they failed to appear for their hearing, they could be ordered removed. Petitioners claim that despite those instructions, Lewis advised them not to attend the hearing. They failed to appear and were ordered removed in absentia on March 26, 2014.

**B.**

Petitioners filed their timely first motion to reopen on April 7, 2014. This first motion to reopen does not include the claim that Lewis advised Petitioners not to attend their hearing, but instead avers that Israel had contacted the immigration court over the course of several days to ask where he and Maria should go for their hearing and had been told that the hearing was not on the court's calendar.

The immigration judge denied the first motion to reopen because Petitioners acknowledged receiving their notices to appear but nonetheless failed to explain "why, after so much alleged diligence in attempting to ascertain information about their case, they simply neglected to appear on the date their case was scheduled, notwithstanding having received clear notice of their obligation to appear in their [notices to appear]."

Petitioners appealed that order to the BIA and repeated the claim that Israel had attempted to call the immigration court to obtain details about the hearing, but did not mention Lewis' advice that Petitioners should not attend the hearing. The BIA affirmed the immigration judge's ruling and dismissed the appeal on August 27, 2015.

Petitioners filed a timely petition for review in this court on September 14, 2015. Petitioners' current counsel filed a notice of appearance in that matter on December 16, 2015. However, Petitioners failed to file their opening brief and the petition was dismissed for failure to prosecute under Circuit Rule 42-1 on August 17, 2016.

Although this first motion to reopen and the subsequent appeal appear to have been prepared pro se, Petitioners repeatedly assert that the documents were prepared by

Lewis. At minimum, it appears that Lewis signed the certificate of service attached to the petition for review filed in this court.

## C.

Petitioners filed their second motion to reopen removal proceedings with the BIA, the motion underlying the current petition for review, on April 28, 2017, approximately eight months after their first petition for review was dismissed by this court. For the first time, Petitioners claim that Lewis instructed them not to attend their hearing before the immigration judge.[1] The motion states that Petitioners first learned of Lewis' ineffective assistance after they retained their current counsel—the same firm that appeared on their behalf in this court in 2015. The motion does not say exactly when current counsel determined that Lewis provided ineffective assistance, only that it was "[a]fter thoroughly investigating their case." Petitioners' second motion also seeks to reopen proceedings to apply for cancellation of removal based on the hardship that removal to Mexico would cause their sons, especially their son who suffers from developmental disabilities.

The BIA denied the second motion to reopen on February 16, 2018, setting forth two reasons in support of its decision. First, the BIA denied Petitioners' motion to reopen to rescind the in absentia order because Petitioners failed to "establish[] that they were prejudiced by ineffective assistance or fraud." Second, the BIA denied Petitioners'

---

[1] We have previously granted a petition for review where the same non-attorney notario, Carlos Lewis, fraudulently held himself out as an attorney, engaged in "deceptive practices," and failed to file a timely appeal with the BIA. *See Godinez v. Lynch*, 629 F. App'x 776, 777–78 (9th Cir. 2015) (unpublished).

motion to reopen to seek cancellation of removal because they failed to present evidence sufficient to show that "their return to Mexico would result in exceptional and extremely unusual hardship for their . . . children."

Petitioners filed this timely petition for review on March 9, 2018.

## II.

We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reopen. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002).  The BIA abuses its discretion when it makes an error of law or fails to provide a reasoned explanation for its actions. *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008); *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005).

## III.

"In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.  If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case." *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16–17 (2002)).  Here, the BIA gave two reasons for denying Petitioners' second motion to reopen due to ineffective assistance:  First, that the denial of Petitioners' first motion to reopen had been "legally correct"; and second, that Petitioners had not shown that "they were prejudiced by ineffective assistance or fraud."

The first reason cannot stand on its own because Lewis' ineffective assistance had not yet been disclosed when the agency decided the first motion to reopen.  Relying solely on

the previous decision would impermissibly ignore the central argument of the second motion. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("We think it goes without saying that IJs and the BIA are not free to ignore arguments raised by a petitioner.").

The BIA's second ground for denial is legally erroneous. Petitioners were not required to demonstrate that the ineffective assistance of the non-attorney notario caused them prejudice. Ordinarily, a person who claims to have received ineffective assistance in an immigration proceeding must show that the ineffective assistance caused prejudice. *See Flores v. Barr*, 930 F.3d 1082, 1085 (9th Cir. 2019) (citing *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988)). But when ineffective assistance leads to in absentia removal, we have "followed the BIA's usual practice of not requiring a showing of prejudice." *Lo*, 341 F.3d at 939 n.6 (citing *Monjaraz-Munoz*, 327 F.3d at 898).

In *Lo*, we observed that the BIA "does not normally require a showing of prejudice when a motion for rescission of an in absentia removal order is grounded on ineffective counsel." *Id.* We relied on the BIA's decision in *In re Rivera-Claros*, in which it explained that "in order to rescind an order of deportation entered following a hearing conducted in absentia," petitioners need not establish "prejudice to obtain relief." 21 I. & N. Dec. at 603 n.1; *see also In re Grijalva-Barrera*, 21 I. & N. Dec. 472, 473 n.2 (BIA 1996) ("[A]n alien is not required to show prejudice in order to rescind an order of deportation entered following a

hearing conducted in absentia under [former] section 242B(c)(3) of the Act.").**[2]**

However, in *Lo*, we noted that the BIA has in at least one case analyzed prejudice in granting a "motion to reopen an in absentia order of deportation on the basis of ineffective assistance of counsel." 341 F.3d at 939 n.6 (citing *In re N-K- & V-S-*, 21 I. & N. Dec. 879, 881 (BIA 1997)). But in that decision, the BIA did not explain why it had analyzed prejudice despite its prior statements in *In re Rivera-Claros* and *In re Grijalva-Barrera* that a showing of prejudice was *not* required in that context. *See In re N-K- & V-S-*, 21 I. & N. Dec. at 881. Regardless, the BIA ultimately determined that prejudice had been shown because the petitioners' attorney had not informed them of the date of their hearing, thus analyzing whether a showing of prejudice was required was not necessary to the BIA's decision. *Id.* Although we were aware of *In re N-K- & V-S-* when we decided *Lo*, we concluded that not requiring a showing of prejudice is the BIA's "norm[]" and "usual practice," and determined that we would "require no such showing [there]." *Lo*, 341 F.3d at 939 n.6.**[3]**

---

**[2]** The specific statutory provision governing rescission of in absentia orders of deportation cited in *In re Grijalva-Barrera* and *In re Rivera-Claros* was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, § 308(b)(6), 110 Stat. 3009-615 (repeal noted at 8 U.S.C. § 1252b). That repeal had already been effective for several years when we decided *Lo* in 2003. *See Lo*, 341 F.3d at 936 (citing the current statutory provision governing rescission of in absentia orders of removal).

**[3]** We have also determined that a showing of prejudice is not required in this context in a subsequent unpublished decision. *See Perez-Monje v. Holder*, 400 F. App'x 141, 141–42 (9th Cir. 2010) (unpublished) ("The [BIA] erred in relying on Perez-Monje's failure to

Here, the BIA's denial of Petitioners' motion based on a failure to show prejudice is inconsistent with the BIA's published decision in *In re Rivera-Claros* and our subsequent decisions. This error constitutes an abuse of discretion. *See Cerezo*, 512 F.3d at 1166. We therefore remand to the BIA to evaluate Petitioners' motion without requiring a showing of prejudice.

## IV.

If the agency determines that the proceedings should be reopened to rescind Petitioners' in absentia removal order, then Petitioners' request for the agency to reopen proceedings for cancellation of that removal order will be moot. We therefore do not reach the BIA's denial of that aspect of Petitioners' second motion to reopen.

**Petition for review GRANTED; REMANDED for further proceedings consistent with this opinion.**

---

VANDYKE, Circuit Judge, dubitante:

The majority opinion correctly concludes that circuit precedent compels our result in this case. *See Lo v. Ashcroft*, 341 F.3d 934, 939 n.6 (9th Cir. 2003). Under that precedent, the BIA erred when it required the petitioners to demonstrate prejudice wrought by their notario's purported ineffective assistance that caused them to be removed in absentia. *Id.*

---

show prejudice as the basis for denying his motion to reopen proceedings after an in absentia order. Such a showing is not required in this context." (citing *Lo*, 341 F.3d at 939 n.6)).

I write separately because that precedent is silly and well illustrates our court's nasty habit of muddying immigration law and holding the BIA—an appellate body—to stilted standards to which we would never subject ourselves.

As the majority opinion observes, the entire rationale for the footnote-born rule that controls here rested on the premise that "[t]he BIA … does not normally require a showing of prejudice when a motion for rescission of an in absentia removal order is grounded on ineffective assistance of counsel." *Id.* For support, *Lo* cited three BIA decisions—the most recent of which *did* require a petitioner to demonstrate prejudice when seeking to reopen an in absentia removal caused by ineffective assistance. *Id.*; *see Matter of N-K- & V-S-*, 21 I. & N. Dec. 879, 880 (BIA 1997) ("One must show, moreover, that he was prejudiced by his representative's performance." (quotation marks omitted)). I suppose one might argue that two out of three ain't bad.

But even Meatloaf would find fault with our *Lo* rule. The other two BIA decisions that declined to require a showing of prejudice did so based on their reading of statutory text that was repealed *seven years* before we decided *Lo*. *Lo*, 341 F.3d at 939 n.6 (citing *See Matter of Rivera-Claros*, 21 I. & N. Dec. 599, 603 n.1 (BIA 1996), and *In Re Grijalva-Barrera*, 21 I. & N. Dec. 472, 473 n.2 (BIA 1996)). To bolster *Grijalva-Barrera*'s one-sentence statement of this "no prejudice" rule, the BIA cited to a Fifth Circuit case that, again, affirmatively required a showing of prejudice. 21 I. & N. at 473 n.2 (citing *Patel v. I.N.S.*, 803 F.2d 804, 807 (5th Cir. 1986) ("[T]o sustain a due process challenge to a[n in absentia] deportation proceeding, an alien must show substantial prejudice.").

Beyond this dubious reliance on BIA precedent, *Lo* also indicated it was following the example of another of our

cases. *See Lo*, 341 F.3d at 939 n.6 (citing *Monjaraz-Munoz v. I.N.S.*, 327 F.3d 892, 898 n.3 (9th Cir.), *opinion amended on denial of reh'g*, 339 F.3d 1012 (9th Cir. 2003)). But in *Monjaraz-Munoz*, we remanded to the BIA and expressly declined to address whether the petitioner's Fifth Amendment due process rights were violated—the part of the inquiry where prejudice comes into play. *See id.* at 898 n.3; *see also Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000) ("To prevail on a due process challenge to deportation proceedings, Lata must show error and substantial prejudice.").

That is the unpromising soil from which our *Lo* rule sprang forth. Worse, our precedent that was supposedly predicated on deference to the BIA's practice now somehow perversely forces us to penalize the BIA when it fails to rigidly adhere to its (inconsistent) prior practice—a change eminently justified by the fact that the old (inconsistent) practice relied on a statute that hasn't existed for roughly 24 years. If you are wondering how precedent purportedly based on deference to the BIA could repeatedly require us to effectively reverse the BIA's decisions, you would be in good company.

This type of absurdity is regular fare in our immigration cases. Our circuit's immigration jurisprudence is a hot mess. It's sharply at odds with the text and purposes of immigration law, including the REAL ID Act. It regularly ignores the important difference between the BIA's *direct* appellate role versus our court's *indirect* and supposedly deferential role on review. Much of our circuit's caselaw seems designed to make it very difficult for the BIA to do its job; we perform our highly deferential review in an extremely nondeferential manner. *See generally* 8 U.S.C. § 1252(b)(4)(B) (the agency's "findings of fact are

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *see also id.* § 1252(b)(4)(C) (decisions on alien inadmissibility "conclusive unless manifestly contrary to the law"); *see also id.* § 1252(b)(4)(D) (discretionary judgments on asylum relief are "conclusive unless manifestly contrary to the law and an abuse of discretion").

This rule is a great example. Consistent with the general rule that a petitioner relying on ineffective assistance must show resulting prejudice, *see Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003), petitioners' second motion to reopen in this case (unquestionably lodged with the aid of competent counsel) conceded that they must establish prejudice. So even petitioners' counsel didn't know about our non-intuitive exception to the normal rule. Ostensibly, we adopted our strange exception because that is "normally" the rule the BIA applies. *Lo*, 341 F.3d at 939 n.6. As an initial matter, it seems odd that we would now routinely use that rule *against* the BIA, when the rule is supposedly meant to mirror the BIA's customary practice. Maybe our basis for the rule turns out to be not particularly accurate after all.

But it gets odder still. As mentioned above, *Lo*'s fateful footnote purports to rely upon *Monjaraz-Monoz*, another Ninth Circuit case decided three weeks earlier. *Id.* (citing *Monjaraz-Monoz*, 327 F.3d at 898 n.3). But *Monjaraz-Monoz* didn't expressly decline to require a showing of prejudice—it doesn't mention prejudice at all. And there's a good reason for this: the *Monjaraz-Monoz* court declined to determine whether due process had actually been violated. 327 F.3d at 898 n.3; *id*. at 896 ("[I]f an alien fails to appear because of his actual and reasonable reliance on counsel's erroneous advice, we conclude that it can constitute a

circumstance beyond the alien's control"). *Monjaraz-Monoz* focused on what *could* constitute an exceptional circumstance under 8 U.S.C. § 1229a(e)(1), not on the ultimate question of whether a due process violation occurred. *Id*. at 896–97.

Now, *Monjaraz-Monoz* indicated relief might be available where an *attorney* gives bad advice. *Id. Lo* extended *Monjaraz-Monoz*'s rationale to the case where petitioners construed a legal secretary's comments as legal advice that turned out to be bad. *Lo*, 341 F.3d at 935–36. Yet it's notable that *Monjaraz-Monoz* only reached its result by distinguishing another case, *Singh-Bhathal v. I.N.S.*, where our court squarely rejected the notion that bad advice from a *non-lawyer* constitutes exceptional circumstances sufficient to rescind an in absentia removal order. *See* 170 F.3d 943, 946–47 (9th Cir. 1999).

So … once again our jurisprudence betrays the nasty habit of acknowledging only those precedents that support the needs (and desired result) of the moment—that being to overturn the BIA. Need more evidence that the defining characteristic of our circuit's immigration law is looking for any reason to overturn the BIA? *Lo* didn't cite to *Lopez v. I.N.S.*, which granted a petition for review where a notario holding himself out as an attorney advised the petitioner not to appear for his hearing and the petitioner was ordered removed in absentia. 184 F.3d 1097, 1100 (9th Cir. 1999). Why on earth wouldn't *Lo* just cite this case that involved bad advice from a non-lawyer and a motion to reopen an *in absentia* removal order? *Lopez* seems to tick all the boxes. Oh, right. Because *Lopez* concluded that, in addition to the normal ineffective assistance showing, *the petitioner had to show prejudice*. *Id*. at 1100 ("Further, the alien must show

that he was prejudiced by his representative's performance.").

Under *Singh-Bhathal* or *Lopez* or *Matter of N-K- & V-S-* or even the principal ineffective assistance case this court has adopted—*Matter of Lozada*, 19 I. & N. Dec. 637, 638 (BIA 1988) ("One must show, moreover, that he was prejudiced by his representative's performance.")—the BIA in this case could have (indeed, should have) required the petitioners to show prejudice. That *should* be the law in our circuit. But instead we have *Lo*.

To sum up, a dubious and incomplete picture of BIA precedents was ratcheted into a rule supposedly meant to replicate exactly what the BIA was doing. Now, we're applying that rule to reverse the BIA for not doing the thing they apparently did so often we decided to do it, too. And we have to apply it even though this court in *Singh-Bhathal* rejected an ineffective assistance claim indistinguishable from the one in this case. As my colleague remarked about another anomalous rule in a different corner of our immigration law, the rule our panel is forced to apply in this case—like so many of our court's immigration precedents—is "dumb, dumb, dumb." *Orellana v. Barr*, 967 F.3d 927 (9th Cir. 2020) (Owens, J., concurring).

Unfortunately, our "no-prejudice-in-a-motion-to-reopen-based-on-ineffective-assistance" rule—devoid of any rationale now or when it was adopted—is just the tip of one of myriad icebergs lurking below the surface of our immigration jurisprudence designed to wreck as many BIA vessels as possible. Is the rule we must apply here good law? Of course not. There is no reason why a petitioner attempting to claim ineffective assistance of counsel shouldn't need to show prejudice. Showing prejudice, after all, is a mainstay of ineffective assistance claims under the

Fifth Amendment's Due Process Clause.     But neither Congress's sensible policy objectives nor our limited role have much to do with "the schizophrenic way we administer our immigration laws" in this circuit.     *Angov v. Lynch*, 788 F.3d 893, 901 (9th Cir. 2015).