

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NAIMIDII BINDERIYA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    19-73157

Agency No. A096-149-800

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 1, 2021
Seattle, Washington

Before:  TASHIMA, RAWLINSON, and BYBEE, Circuit Judges.

Petitioner Naimidii Binderiya (Binderiya), a native and citizen of Mongolia,

seeks review of a decision of the Board of Immigration Appeals (BIA) denying her

motion to reopen removal proceedings.  In 2006, Binderiya applied for relief from

removal, which was denied.  The BIA dismissed her appeal, and we denied her

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

petition for review. *See Binderiya v. Holder*, 383 F. App'x 606, 607 (9th Cir. 2010).

In 2018, Binderiya filed an untimely motion to reopen, arguing that changed circumstances excused the untimely filing. Specifically, Binderiya submitted that she had been abused by her father, who was deported to Mongolia following removal proceedings in the United States. In addition, Binderiya reported that her prior immigration counsel had simultaneously represented her father.

The BIA concluded that "the evidence submitted with the respondent's untimely motion to reopen does not establish materially changed country conditions in Mongolia," and thus did not meet the exception to the 90-day filing deadline. The BIA did not address prior counsel's conflict of interest.

The denial of the motion to reopen is reviewed for abuse of discretion. *See Sanchez Rosales v. Barr*, 980 F.3d 716, 719 (9th Cir. 2020).

Generally, a motion to reopen must be filed within 90 days from the entry of a final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). But an exception to the time limit is available if the motion to reopen "is based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been

discovered or presented at the previous proceeding." 8 U.S.C. §

1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Binderiya argues that the BIA erred in failing to conclude that her father's

presence in Mongolia was a changed country condition. However, her father's

removal is a change in *personal* circumstances that, while potentially rendering

new country conditions relevant, does not by itself satisfy the timeliness

exception.[1] *See Chandra v. Holder*, 751 F.3d 1034, 1037-39 (9th Cir. 2014)

(holding that post-removal conversion to Christianity made relevant worsening

conditions for Christians in China); *see also Almaraz v. Holder*, 608 F.3d 638, 640

(9th Cir. 2010) (holding that HIV diagnosis, without evidence of changed country

conditions, did not excuse an untimely filing); *He v. Gonzales*, 501 F.3d 1128,

1132 (9th Cir. 2007) (joining other circuits in holding that the "birth of children

outside the country of origin is a change in personal circumstances that is not

sufficient to establish changed circumstances in the country of origin").

The BIA acknowledged that Binderiya feared future domestic violence from

her father, and the BIA analyzed relevant country conditions, concluding that

although domestic violence remained a "significant problem," Mongolia had taken

---

[1] The same analysis applies to Binderiya's argument concerning her interracial marriage and child.

steps to address the issue. Binderiya did not challenge these findings in her opening brief. *See Alaska Ctr. For Env't v. U.S. Forest Serv.*, 189 F.3d 851, 858 n.4 (9th Cir. 1999) (explaining that a party waives any argument not raised until the reply brief).

The 90-day deadline to file a motion to reopen is also subject to equitable tolling based on ineffective assistance of counsel. *See Flores v. Barr*, 930 F.3d 1082, 1085 (9th Cir. 2019). Equitable tolling requires a showing that the petitioner "was prevented from timely filing [her] motion due to prior counsel's ineffectiveness." *Id.*

Although Binderiya's motion to reopen made several references to counsel's conflict of interest, she did not argue that the conflict presented an independent basis to excuse her untimely motion. Rather, Binderiya maintained that she did not know that her father's removal in 2013 created a new ground for relief until she retained her current counsel in 2017. Binderiya did not attempt to link the conflict of interest to her request for equitable tolling of the time for filing a motion to reopen. *See id.* Based on this record, we cannot say that the BIA abused its discretion in denying the motion to reopen. *See Sanchez Rosales*, 980 F.3d at 719.

4

Finally, we lack jurisdiction to review the agency's decision not to reopen proceedings *sua sponte*.  *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002), *as amended*.

**PETITION DENIED**.