**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 30 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ENRIQUE FRANCISCO HERNANDEZ, AKA Juan Bosco Hernandez-Diaz, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-71786 <br><br> Agency No. A215-856-169 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2021**
Pasadena, California

Before: W. FLETCHER, RAWLINSON, and OWENS, Circuit Judges.

Enrique Hernandez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") decision affirming the Immigration

Judge's ("IJ") denial of his application for asylum, withholding of removal, and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). We review de novo the BIA's legal determinations and review "for substantial evidence the BIA's factual findings, which should be upheld unless the evidence compels a contrary result." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020) (quotation and citation omitted). Whether a proposed social group meets the BIA's requirements for a cognizable particular social group ("PSG") "is a question of law we review de novo." *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) (citation omitted).[1] As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1.    We have jurisdiction to review the BIA's extraordinary circumstances determination because the petition's relevant underlying facts are undisputed. *See Husyev v. Mukasey*, 528 F.3d 1172, 1178-79 (9th Cir. 2008). Reviewing de novo whether Hernandez established an extraordinary circumstance, *see id.*, we hold that his PTSD does not qualify as an exception to the one-year filing deadline for asylum applications under 8 C.F.R. § 1208.4(a)(2)(i)(B), (a)(5).

Although PTSD may be extraordinary in some circumstances, the record shows Hernandez's PTSD was not as "serious" as contemplated by the asylum

---

[1]  Our case law appears to be inconsistent regarding the correct standard of review for PSGs. *Compare Santos-Ponce*, 987 F.3d at 890, *with Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020) (giving *Chevron* deference to the BIA's interpretation of PSG). We do not resolve this discrepancy here because the outcome is the same—Hernandez does not show his groups are cognizable under either standard.

regulations. *See id*. § 1208.4(a)(5)(i).  Some of his symptoms were improving; he was never hospitalized for mental health reasons; and he was able to financially support his family and interact capably with the government.  This evidence is substantial and suggests his PTSD was manageable, not extraordinary, and Hernandez presents no strong evidence compelling a contrary conclusion.  *See Diaz-Reynoso*, 968 F.3d at 1076.  Hernandez's reliance on an out-of-circuit case and an unpublished decision to argue otherwise is unconvincing.

Because Hernandez did not establish extraordinary circumstances in the first instance, we do not reach the question of whether his PTSD was directly related to the delay in filing.  *See Gasparyan v. Holder*, 707 F.3d 1130, 1135 (9th Cir. 2013).

2.      Hernandez does not meet his burden of showing a clear probability of future persecution based on a protected ground because his proposed groups are not cognizable PSGs under 8 U.S.C. § 1231(b)(3)(A).  *See also id*. § 1158(b)(1)(B)(i); *Plancarte v. Garland*, 9 F.4th 1146, 1153 (9th Cir. 2021).

Reviewing de novo, *see Santos-Ponce*, 987 F.3d at 890, we hold that two of Hernandez's proposed social groups, "Mexican individuals who suffer from mental illness resulting in panic attacks" and "Mexican men who have a serious and perceptible chronic mental disability," are not cognizable due to lack of particularity, *see Plancarte*, 9 F.4th at 1153.  These groups encompass too many people, conditions, and circumstances to meet the statute's particularity

3

requirements. *See Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1164 (9th Cir. 2013) (per curiam). Hernandez also failed to establish that the groups "provide a clear benchmark for determining" who is a member. *Nguyen*, 983 F.3d at 1103 (citation omitted). *Cf. Acevedo Granados v. Garland*, 992 F.3d 755, 761-63 (9th Cir. 2021) (holding "El Salvadoran men with intellectual disabilities who exhibit erratic behavior" provided a clear benchmark because "intellectual disability" was defined with a specific medical diagnosis).

Hernandez's third proposed group, "Mexican men with severe post-traumatic stress disorder who exhibit visible erratic behavior," is not cognizable due to lack of social distinction. Different treatment by society can evidence social distinction, *see Acevedo Granados*, 992 F.3d at 763, and the country conditions suggest mentally ill people behaving aggressively are treated distinctly by society, *see Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014). But no record evidence shows people with PTSD who behave erratically are socially distinct.

Additionally, substantial evidence supports the holding that Hernandez is not a member of the third group. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). He failed to present evidence of erratic or even aggressive behavior that would compel a contrary conclusion. *See Diaz-Reynoso*, 968 F.3d at 1076.

3. Finally, substantial evidence supports the BIA's decision that Hernandez is not eligible for CAT protection because the record does not show that

4

he is more likely than not to be tortured in Mexico. *See* 8 C.F.R. § 1208.16(c)(4); *Lopez v. Sessions*, 901 F.3d 1071, 1074 (9th Cir. 2018). Hernandez argues his PTSD would cause him to exhibit erratic behavior and call attention from law enforcement; who would arrest or institutionalize him; and once in custody, he would be subjected to inhumane treatment. But Hernandez does not establish even that the first event in this chain of causation is more likely than not to occur because he presents no evidence of erratic behavior. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009) (holding an applicant for CAT protection must show a greater than fifty percent chance of torture if removed).

Because Hernandez does not establish the first event in his chain of causation, the BIA and IJ did not err in failing to consider the risks of torture from sources other than institutionalization after arrest. *See Matter of J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006).

We do not address Hernandez's argument about the specific intent requirement for torture because the BIA did not address this claim. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). Nor do we remand the issue to let the BIA decide because the Board's decision can "be sustained upon its [existing] reasoning." *Sanchez Rosales v. Barr*, 980 F.3d 716, 719 (9th Cir. 2020).

**PETITION FOR REVIEW DENIED**.[2]

---

[2] Hernandez's motion for stay of removal, Dkt. No. 1, is denied as moot.