NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL ANGEL GONGORA-CASTANEDA, AKA Miguel Congora-Castalleda, AKA Miguel Jimenez-Jimenez, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-70709 <br><br> Agency No. A201-237-532 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 21, 2021
San Francisco, California

Before: MURGUIA, Chief Judge, and WALLACE and BEA, Circuit Judges.

Mr. Gongora-Castaneda ("Petitioner") petitions for review of the Board of

Immigration Appeals' ("BIA") decision to dismiss his appeal and affirm an

immigration judge's ("IJ") order denying his applications for asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT"), and the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

BIA's decision to deny his motion to reopen. Petitioner contends that the IJ lacked jurisdiction because the Notice to Appear ("NTA") he received omitted the address of the immigration court ("IC") at which his hearing was to take place; that the BIA erred in denying Petitioner's claims to asylum, withholding of removal, and protection under CAT; and that the BIA erred in denying his motion to remand for ineffectiveness of counsel. We have jurisdiction under 8 U.S.C. § 1252.[1]

1. Petitioner's claim that, because the NTA omitted the IC's address, the IJ lacked jurisdiction over his case, is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 894–95 (9th Cir. 2020). Petitioner had actual knowledge of the address through follow-up notices and appeared at the hearing.

2. Petitioner, a homosexual man, "fears he would be harmed due to his sexual orientation in Mexico." The BIA found that Petitioner was ineligible for asylum and withholding of removal because the Government rebutted Petitioner's presumption of future persecution (based on past persecution) with evidence that Petitioner could relocate safely within Mexico. Petitioner contends this finding is "not supported by the record," and highlights evidence tending to show in general that homosexual persons have experienced threats and violence in Mexico; Mexican authorities have not adequately prosecuted some hate crimes against

---

[1] Because the parties are familiar with the facts, we do not repeat them here, except where necessary to provide context for our ruling.

homosexual persons; and Mexican police have mistreated homosexual persons.

But, much of the evidence Petitioner cites describes general conditions across Mexico. Moreover, the record contains some evidence supportive of a finding that Petitioner could be safe in some parts of Mexico. And, importantly, Petitioner himself conceded that he "d[id]n't know" "why [he] couldn't go live safely in an area like Mexico City or somewhere else."[2]

Based on this record, we cannot say that "any reasonable adjudicator would be compelled to conclude" that Petitioner could not relocate safely within Mexico. *B.R. v. Garland*, 4 F.4th 783, 790 (9th Cir. 2021). Thus, substantial evidence supports the BIA's findings that Petitioner is ineligible for asylum and withholding from removal. *See Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021) (noting that a petitioner who fails to establish a "'reasonable possibility' of future persecution" necessarily fails "'to satisfy the more stringent standard for withholding of removal.'").

3. Because substantial evidence supports the BIA's finding that Petitioner

---

[2] Citing *Xochihua-Jaimes v. Barr*, 962 F.3d 1175 (9th Cir. 2020), and *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017), Petitioner argues the BIA must identify a specific safe location before finding that internal relocation rebuts a presumption of future persecution. But, unlike here, in *Xochihua-Jaimes*, "[n]either the IJ nor the BIA cited *any* affirmative '[e]vidence that [Petitioner] could relocate to a part of [Mexico].'" 962 F.3d at 1186 (emphasis added). And, in *Barajas-Romero*, this Court remanded because the BIA "applied the incorrect standard" that the noncitizen "had the burden of proving that he could not safely relocate." 846 F.3d at 364. The BIA did not make that error here.

could safely relocate within Mexico, and Petitioner does not dispute the IJ's finding that "there is no evidence" that Petitioner's father, neighbor, or classmates "would target [Petitioner] for harm in the future," substantial evidence also supports the BIA's holding that Petitioner is ineligible for protection under CAT.

4. A motion to reopen based on ineffectiveness of counsel generally must meet the procedural requirements of *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), *Iturribarria v. INS*, 321 F.3d 889, 900 (9th Cir. 2003), unless "the ineffective assistance of counsel is 'clear and obvious' from the record," *United States v. Lopez-Chavez*, 757 F.3d 1033, 1044 (9th Cir. 2014). Petitioner "did not attempt to comply with the procedural requirements," but claims his counsel's ineffectiveness before the IJ was "clear and obvious."

The BIA did not abuse its discretion when it denied Petitioner's motion to reopen based on ineffectiveness of counsel as to voluntary departure. Petitioner has not made out an affirmative case of eligibility for relief under 8 U.S.C. § 1229c(b)(1).

The BIA also did not abuse its discretion when it denied Petitioner's motion to reopen based on ineffectiveness of counsel concerning eligibility for humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii)(A) ("Subsection A"). Although Petitioner experienced disturbing and cruel mistreatment as a child, the record does not compel a finding contrary to the BIA's holding that these incidents

4

do not demonstrate prima facie entitlement to relief under Subsection A. *See, e.g.,* *Kumar v. INS*, 204 F.3d 931, 934–35 (9th Cir. 2000) (finding that considerable abuse did not rise to "atrocious persecution"); *Hanna v. Keisler*, 506 F.3d 933, 936-37, 939 (9th Cir. 2007) (same).

Problematically, the BIA appears not to have considered Petitioner's claim that his previous counsel was ineffective for failing to seek humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii)(B) ("Subsection B"). The BIA's denial of the motion was therefore an abuse of discretion as it related to Subsection B. *See* *Hanna*, 506 F.3d at 939; *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004) (BIA abused discretion when it "neither reached" one "aspect of petitioners' claim, nor explained the omission."). Although Petitioner's claim to eligibility for relief under Subsection B may stand in tension with the BIA's holding that Petitioner could safely relocate within Mexico, we cannot affirm the BIA on grounds it failed to consider, and so must remand this sole claim. *See* *Sanchez Rosales v. Barr*, 980 F.3d 716, 719 (9th Cir. 2020) (If "the BIA's decision cannot be sustained upon its reasoning, we must remand.").

5. The petition is **GRANTED** with respect to Petitioner's claim that the BIA abused discretion in denying Petitioner's motion to remand for ineffectiveness of counsel premised on the failure to seek humanitarian asylum only under 8 C.F.R. § 1208.13(b)(1)(iii)(B). We **VACATE** and **REMAND** only that holding

5

for the BIA to consider Petitioner's claim. The petition is otherwise **DENIED.**