**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOFIT ETY KASPI; ELIZER KASPI, | No. 20-70146 |
| Petitioners, | Agency Nos. A094-872-183 |
| v. | A094-872-184 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2022**
Pasadena, California

Before: IKUTA, LEE, and FORREST, Circuit Judges.

Petitioners Elizer and Hofit Kaspi seek review of the Board of Immigration

Appeals' (BIA) decision affirming the Immigration Judge's (IJ) order of removal.

We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

---

&ast; This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

&ast;&ast; The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1. *Validity of Visa Petition.*** Petitioners argue that the United States Citizenship and Immigration Services' (USCIS) revocation of the I-140 visa petition that Elizer Kaspi's former employer, Medley Inc., filed on his behalf (Medley Petition) violated Elizer's right to port the Medley Petition under 8 U.S.C. § 1154(j). The USCIS determines the validity of I-140 visa petitions. 8 U.S.C. §§ 1154(a)(1)(F), 1155. The USCIS revoked the I-140 visa because "[t]he initial evidence submitted with Form I-140 was not sufficient to warrant a favorable decision." The USCIS notified Medley, Inc. of the revocation, but did not provide notice to Petitioners. Citing *Matter of Marcal Neto*, 25 I. & N. Dec. 169 (BIA 2010) Petitioners argue that IJs have the authority to determine "whether a visa petition 'remains valid' for purposes of porting under [§ 1154(j)]." But *Marcal Neto* never considered the validity of the underlying I-140 visa petition; the only issue there was whether a valid petition *remained* valid after the noncitizen[1] switched jobs. *Id.* at 173–76. Here, the question is much different—whether a noncitizen can port a visa petition that the USCIS has revoked as invalid.

We rejected a broad reading of § 1154(j) in *Herrera v. USCIS*, 571 F.3d 881 (9th Cir. 2009). In that case, the USCIS revoked a I-140 visa petition and denied a noncitizen's pending application to adjust status. *Id.* at 883. On appeal, the

---

[1]We substitute the term "noncitizen" for its statutory equivalent, "alien," *see* 8 U.S.C. § 1101(a)(3), unless explicitly quoting a source using the term "alien," *see* *Barton v. Barr*, 140 S. Ct. 1442, 1446 n.2 (2020).

noncitizen argued that the agency could not revoke the visa petition because the noncitizen had met § 1154(j)'s portability requirements. *Id.* at 885–86. We disagreed and held that § 1154(j) did not change the USCIS's power and authority to revoke a I-140 visa petition "'at any time' for 'good and sufficient cause.'" *Id.* at 889 (quoting 8 U.S.C. § 1155). We focused on the limiting language in § 1154(j), which states only that the petition "shall remain valid *with respect to [the] new job*," meaning that an I-140 petition does not "forevermore remain valid." *Id.* at 887. Because a visa petition can remain valid only if it once was valid, we held that a petition that was incorrectly approved meant that it was invalid for porting purposes. *Id.* at 887–89. Thus, *Herrera* establishes that without a valid I-140 visa petition, there is nothing to port. *See id.*

Petitioners argue *Herrera* is distinguishable because the visa petition in that case was invalid from the start, but here the Medley Petition was properly approved by the USCIS. Petitioners do not argue, however, that the Medley Petition remained valid on its underlying merits. Instead, they contend only that it remained valid by operation of § 1154(j) because their applications for adjustment of status had been pending for 180 days when the USCIS revoked the Medley Petition. Petitioners assert that in these circumstances an IJ has the authority to determine whether the I-140 petition is valid—even if the USCIS has revoked it—"to ensure that the equitable provisions of [§ 1154(j)] are faithfully implemented."

This assertion raises the same problem identified in *Hererra*: for an IJ to determine portability, an applicant for adjustment of status must have a valid I-140 visa petition to port. As in *Hererra*, Petitioners no longer had a valid I-140 visa petition to port because the USCIS revoked it before Petitioners renewed their applications for adjustment of status before the IJ. Thus, the IJ's consideration of Petitioners' adjustment applications would have conflicted with the USCIS's statutory authority to revoke visa petitions "at any time" for "good and sufficient cause." 8 U.S.C. § 1155; *Herrera*, 571 F.3d at 889 ("[T]he Portability Provision does not affect the agency's revocation authority."). Furthermore, the practical effect of Petitioners' argument is that the USCIS could never revoke a I-140 visa petition with an associated application for adjustment of status that has been pending for longer than 180 days, which conflicts with the portability regulations. 8 C.F.R. § 205.1(a)(3)(iii)(D).

Petitioners assert that their "position does not rely on the reinstatement of their [Medley P]etition" and that the USCIS's revocation was immaterial because the Medley Petition was "approvable when filed" and "preserved" under § 1154(j). Again, however, Petitioners' argument for validity hinges on § 1154(j), which applies only if there is a valid I-140 visa petition in the first place. *Herrera*, 571 F.3d at 887–89; *see also Matter of Al Wazzan*, 25 I. & N. Dec. 359, 367 (BIA 2010) ("[A] petition is not made 'valid' merely through the act of filing the petition with USCIS

4

or through the passage of 180 days."). We conclude that the BIA did not err in affirming the IJ's determination that it lacked authority to determine the validity of the Medley Petition.

**2. *Due Process*.** Petitioners argue that the IJ violated due process by not considering the validity of the Medley Petition. For the reasons previously explained, this argument fails because the IJ was correct that she lacked such authority. *Sanchez Rosales v. Barr*, 980 F.3d 716, 721 (9th Cir. 2020) ("To prevail on a due process challenge to deportation proceedings, [a noncitizen] must show error and substantial prejudice.") (citation and quotation omitted).

**PETITION FOR REVIEW DENIED.**