**NOT FOR PUBLICATION**

**FILED**

JUN 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICOLINE AKO MBI, | No. 20-73755 |
| Petitioner, | Agency No. A095-308-333 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2022[**]
Portland, Oregon

Before: SCHROEDER and SUNG, Circuit Judges, and ANTOON,[***] District
Judge.

Nicoline Ako Mbi, a Cameroonian asylum-seeker, petitions for review of a

Board of Immigration Appeals (BIA) decision denying her second motion to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

reopen her removal proceedings. The BIA held that (1) Mbi's motion was untimely and number-barred, and that (2) regardless, she had not shown that the new evidence she seeks to present would change the result in her reopened case. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion. *Sanchez Rosales v. Barr*, 980 F.3d 716, 719 (9th Cir. 2020). Because the BIA did not abuse its discretion in finding insufficiently changed country conditions to excuse the time and numerical bars, we affirm.

Because this is Mbi's second motion to reopen, filed years after her 2004 case before the Immigration Judge, her motion is barred, 8 U.S.C. § 1229a(c)(7)(A), (C)(i), unless she shows changed country conditions, 8 C.F.R. § 1003.2(c)(3)(ii). *See also Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).

New evidence of changed country conditions must show a qualitative change in the level or nature of persecution on the basis of the petitioner's current basis for relief, comparing the country conditions at the time of the motion to reopen with those at the time of the prior hearing. *Salim v. Lynch*, 831 F.3d 1133, 1137-39 (9th Cir. 2016). Both Mbi's new and original country conditions evidence indicates that the Cameroonian government has persecuted Anglophone Cameroonians who oppose the government. The evidence specifically cited by Mbi establishes that there is greater unrest by Anglophone separatist groups, but it does not establish that the level of persecution has worsened. Thus, the BIA did not

abuse its discretion in finding that the new evidence establishes only that the

conditions in Cameroon have continued but have not materially changed.[1]

The petition is **DENIED**.

---

[1] To the extent Mbi contends she has shown changed country conditions because she presents a new asylum claim based on social group, as opposed to her original claim based on political opinion, that contention fails for two reasons. First, the bases for Mbi's two asylum claims (the social group of "Anglophones known by the Cameroonian government to be opposed to president Paul Biya" and the political opinion of opposing the Francophone Paul Biya government) are essentially the same. Second, even when a petitioner presents a materially different basis for asylum in a successive or time-barred motion to reopen, the petitioner must establish that the changed country conditions exception applies. *See, e.g.,* *Salim*, 831 F.3d at 1137-39.