NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDUARDO CASTANEDA MALDONADO, | No. 20-70230 |
| Petitioner, | Agency No. A075-690-441 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2022[**]
Pasadena, California

Before: BENNETT and SUNG, Circuit Judges, and FOOTE,[***] District Judge.

Eduardo Castaneda Maldonado, a citizen of Mexico, petitions for review of

the Board of Immigration Appeals (BIA) decision denying his motion to reopen as

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

untimely. Petitioner filed the motion to reopen alleging ineffective assistance of counsel and requesting equitable tolling. The BIA declined to equitably toll the time limitation and held (1) that Petitioner did not exercise due diligence in discovering his non-attorney's fraud and (2) that Petitioner was not prejudiced by his non-attorney's fraud because he had no plausible grounds for relief. We review the BIA's denial of a motion to reopen for abuse of discretion. *Sanchez Rosales v. Barr*, 980 F.3d 716, 719 (9th Cir. 2020). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The BIA did not abuse its discretion when it found that Petitioner did not exercise due diligence in discovering his non-attorney's fraud. The record indicates that there was a fourteen-year gap between the time the Petitioner last attempted to contact his non-attorney in 2003, and when he filed a FOIA request for information on his case in 2017. While we are sympathetic to the fact that Petitioner was the victim of fraud and the unauthorized practice of law in his immigration proceedings, Petitioner had reason to believe that he was the victim of fraud when the non-attorney ceased responding to his calls, and when he found the non-attorney's office closed without notice of a change of address in 2003. The BIA reasonably cited to Petitioner's inaction from 2003 to 2017 as a basis for finding that he did not act with the requisite due diligence. *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011).

2

2. Because we affirm the BIA's denial of the motion to reopen on the ground of due diligence, we do not reach the issue of whether the BIA abused its discretion when it found that Petitioner was not prejudiced by his non-attorney's failure to file a timely appeal.[1]

3. To the extent that Petitioner challenges the BIA's refusal to exercise its sua sponte reopening authority, we lack jurisdiction over such argument because Petitioner fails to argue that the BIA "misconstrue[d] the parameters of its sua sponte authority based on legal or constitutional error." *Lona v. Barr*, 958 F.3d 1225, 1237 (9th Cir. 2020).

The petition is **DENIED**.

---

[1] We note that Petitioner is now eligible to apply for adjustment of status under § 245(a) based on an approved I-130 through one of his U.S. citizen sons.