# Supreme Court of Texas

No. 24-0052

Kelly Hancock, Acting Comptroller of Public Accounts of the State of Texas; The Office of the Comptroller of Public Accounts of the State of Texas; and Ken Paxton, Attorney General of the State of Texas,

*Petitioners,*

v.

RJR Vapor Co., LLC,

*Respondent*

On Petition for Review from the
Court of Appeals for the Third District of Texas

JUSTICE SULLIVAN, joined by Justice Bland, concurring dubitante.

I agree with the Court that the VELO pouches sold by RJR Vapor are taxable as a "[t]obacco product." Tex. Tax Code § 155.001(15). But I'm not so sure that it matters whether they contain any plant matter, so I concur dubitante.[*]

---

[*] As any law nerd will proudly tell you, *dubitante* is just a Latinism for "doubting." Bryan A. Garner, A Dictionary of Modern Legal Usage 298 (2d ed. 1995); *see also Am. Inst. for Int'l Steel, Inc. v. United States*, 376 F. Supp. 3d 1335, 1345 n.1 (Ct. Int'l Trade 2019) (Katzmann, J., dubitante) (flexing impressive nerdistry on this point). Surprisingly enough, a quick Westlaw search shows this to be the first dubitante opinion

When a farmer has harvested his tobacco, all the leaves, stems, and other plant matter in his barn are what the Legislature defines as "[r]aw tobacco." *Tex. Tax Code* § 155.001(13-a). The quintessence of this plant matter, the thing that makes it a cash crop, is the nicotine it has naturally produced. Indeed, it's right there in the name: "The tobacco of commerce is derived almost entirely from *Nicotiana tabacum . . . .*" 22 Encyclopædia Britannica 260 (1959).

The Legislature taxes a wide variety of "[t]obacco product[s]," including "cigar[s]," "smoking tobacco," "chewing tobacco," and "snuff." Tex. Tax Code § 155.001(15)(A)–(D); *see id.* § 155.021 (taxing cigars); *id.* § 155.0211 (taxing other tobacco products); *cf. id.* § 154.021 (taxing cigarettes). Each of these products is manufactured by making different physical or chemical changes to raw tobacco. *Compare id.* § 155.001(2) (defining *cigar* as "a roll of fermented tobacco that is wrapped in

_____

our Court has ever seen filed. In confessing my own doubt, though, I join a long line of distinguished jurists. *See, e.g.*, *Radio Corp. of Am. v. United States*, 341 U.S. 412, 421–27 (1951) (Frankfurter, J., dubitante); *United States v. Fluitt*, 99 F.4th 753, 765–66 (5th Cir. 2024) (Oldham, J., dubitante); *United States v. Croft*, 87 F.4th 644, 649–52 (5th Cir. 2023) (Ho, J., dubitante); *Sanchez Rosales v. Barr*, 980 F.3d 716, 721–23 (9th Cir. 2020) (VanDyke, J., dubitante); *Zadeh v. Robinson*, 902 F.3d 483, 498–500 (5th Cir. 2018) (Willett, J., concurring dubitante) (opinion withdrawn on rehearing); *Castro v. U.S. Dep't Homeland Sec.*, 835 F.3d 422, 450–51 (3d Cir. 2016) (Hardiman, J., concurring dubitante); *United States v. Jeffries*, 692 F.3d 473, 483–86 (6th Cir. 2012) (Sutton, J., dubitante); *Beckett v. Air Line Pilots Ass'n*, 59 F.3d 1276, 1280–81 (D.C. Cir. 1995) (Silberman, J., concurring dubitante); *Nat'l Solid Wastes Mgmt. Ass'n v. Killian*, 918 F.2d 671, 685–88 (7th Cir. 1990) (Easterbrook, J., dubitante); *Dellums v. U.S. Nuclear Regul. Comm'n*, 863 F.2d 968, 980–82 (D.C. Cir. 1988) (Pollack, J., sitting by designation, concurring dubitante); *Feldman v. Allegheny Airlines, Inc.*, 524 F.2d 384, 390–93 (2d Cir. 1975) (Friendly, J., concurring dubitante). The late, great Norm Macdonald might've said it best: "[T]o seek truth, it is necessary once in the course of our life, to doubt, as far as possible, of all things." Just kidding—it was another philosopher who said so. *See* René Descartes, *Principia Philosopiæ*, part 1, art. 1 (1644) ("Veritatem inquirenti, semel in vita de omnibus, quantum fieri potest, esse dubitandum."); *see also* John Veitch, The Method, Meditations, and Selections from the Principles of Descartes 193 (6th ed. 1879) (providing the foregoing translation from Latin to English).

tobacco"), *with id.* § 155.001(15)(D) (defining *snuff* as "pulverized tobacco"). But whether they're rolled or pulverized, fermented or not, all of the enumerated products have been processed so that consumers can ingest nicotine. That's what makes the processed tobacco especially valuable, and that's why it gets taxed.

In addition to these traditional vices, the Legislature also sweeps into its taxable "[t]obacco product" definition "an article or product that is made of tobacco or a tobacco substitute and that is not a cigarette or an e-cigarette." *Id.* § 155.001(15)(E). Do VELO pouches, in which nicotine isolate is all that remains of the raw tobacco whence it came, fall within this broad (and somewhat circular) definitional provision? The Court's answer is *Yes*, and I reach the same conclusion.

Here's where my doubt creeps in: Why do we care whether plant matter of any kind is found inside a VELO pouch? The Court "hold[s] that the VELO pouches sold by RJR Vapor are 'made of . . . a tobacco substitute' because they are made of a blend of plant matter and nicotine that takes the place and function of pulverized tobacco plant matter." *Ante* at 20.

Respectfully, I'm doubtful that the presence of "microcrystalline cellulose, a naturally occurring organic compound found in the cell walls of plants," *id.* at 2–3, is essential to a VELO pouch's having been "made of . . . a tobacco substitute," Tex. Tax Code § 155.001(15)(E). The VELO pouch's key ingredient is also the tobacco plant's most important feature: the valuable and addictive nicotine. That fact alone is enough, it seems to me, to hold that VELO pouches are "made of . . . a tobacco substitute" and should get taxed accordingly. *Id.*

3

It might even be said that VELO pouches are "made of tobacco" itself because they include nicotine naturally produced by tobacco plants. *Id.* Some parts of the plant, such as its roots and flowers, are already left out when making traditional tobacco products. For VELO pouches, all the rest of the plant matter is stripped away by grinding it in water and then extracting the nicotine through a multi-step chemical process. Who knows how much of the biomass can be removed before it's no longer "tobacco"? Not me. But my own lingering uncertainty about this Ship of Theseus needn't detain me from casting a vote in favor of the Court's judgment today.

James P. Sullivan
Justice

**OPINION FILED:** May 8, 2026

4